B1 (Official Form 1) (4/10)

| UNITED STATES BANKRUPTCY COURT<br>Southern District of New York | **VOLUNTARY PETITION** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>Korea Line Corporation | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>N/A | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>135-878 KLC Building 145-9 Samsung-dong, Gangam-gu,<br>Seol, Korea      ZIP CODE | Street Address of Joint Debtor (No. and Street, City, and State):      ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>Korea | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):      ZIP CODE | Mailing Address of Joint Debtor (if different from street address):      ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):      ZIP CODE | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>   *See Exhibit D on page 2 of this form.*<br>☑ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities,<br>   check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in<br>   11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☑ Other<br>   Marine Transportation | ☐ Chapter 7    ☑ Chapter 15 Petition for<br>☐ Chapter 9         Recognition of a Foreign<br>☐ Chapter 11       Main Proceeding<br>☐ Chapter 12   ☐ Chapter 15 Petition for<br>☐ Chapter 13       Recognition of a Foreign<br>                Nonmain Proceeding |
| | **Tax-Exempt Entity**<br>(Check box, if applicable.)<br><br>☐ Debtor is a tax-exempt organization<br>   under Title 26 of the United States<br>   Code (the Internal Revenue Code). | **Nature of Debts**<br>(Check one box.)<br><br>☐ Debts are primarily consumer  ☑ Debts are primarily<br>   debts, defined in 11 U.S.C.      business debts.<br>   § 101(8) as "incurred by an<br>   individual primarily for a<br>   personal, family, or house-<br>   hold purpose." |

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☑ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach<br>   signed application for the court's consideration certifying that the debtor is<br>   unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must<br>   attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br><br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to<br>   insiders or affiliates) are less than $2,343,300 *(amount subject to adjustment<br>   on 4/01/13 and every three years thereafter).*<br>-------------------------------------------<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes<br>   of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR<br>COURT USE ONLY |
|---|---|
| ☑ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for<br>   distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☐ 1-49 | ☐ 50-99 | ☑ 100-199 | ☐ 200-999 | ☐ 1,000-<br>5,000 | ☐ 5,001-<br>10,000 | ☐ 10,001-<br>25,000 | ☐ 25,001-<br>50,000 | ☐ 50,001-<br>100,000 | ☐ Over<br>100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets

| ☐ $0 to<br>$50,000 | ☐ $50,001 to<br>$100,000 | ☐ $100,001 to<br>$500,000 | ☐ $500,001<br>to $1<br>million | ☐ $1,000,001<br>to $10<br>million | ☐ $10,000,001<br>to $50<br>million | ☐ $50,000,001<br>to $100<br>million | ☑ $100,000,001<br>to $500<br>million | ☐ $500,000,001<br>to $1 billion | ☐ More than<br>$1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities

| ☐ $0 to<br>$50,000 | ☐ $50,001 to<br>$100,000 | ☐ $100,001 to<br>$500,000 | ☐ $500,001<br>to $1<br>million | ☐ $1,000,001<br>to $10<br>million | ☐ $10,000,001<br>to $50<br>million | ☐ $50,000,001<br>to $100<br>million | ☑ $100,000,001<br>to $500<br>million | ☐ $500,000,001<br>to $1 billion | ☐ More than<br>$1 billion |
|---|---|---|---|---|---|---|---|---|---|

*Lee*

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s): |
|---|---|

| All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location<br>Where Filed: | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet.) | | |
|---|---|---|
| Name of Debtor: | Case Number: | Date Filed: |
| District: **Southern District of New York** | Relationship: | Judge: |

| Exhibit A | Exhibit B |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☐   Exhibit A is attached and made a part of this petition. | X _____<br>   Signature of Attorney for Debtor(s)         (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐   Yes, and Exhibit C is attached and made a part of this petition.

☑   No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐   Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐   Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☐   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☑   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐   Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐   Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐   Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case.)* | |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (if not represented by attorney)

_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☑ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
(Signature of Foreign Representative)

Jin Bang Lee
(Printed Name of Foreign Representative)

02/23/2011
Date

---

### Signature of Attorney*

X _____
Signature of Attorney for Debtor(s)
James H. Power
Printed Name of Attorney for Debtor(s)
Holland & Knight LLP
Firm Name
31 West 52nd St.
New York, NY   10019
Address
212-513-3200
Telephone Number
2/23/2011
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

---

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

_____
Address

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

James H. Power, Esq.
Barbra R. Parlin, Esq.
Warren E. Gluck, Esq.
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, New York 10019
Telephone: 212-513-3200
Telefax: 212-385-9010
Email: james.power@hklaw.com
       barbra.parlin@hklaw.com
       warren.gluck@hklaw.com

*Counsel for the Receivers of Korea Line Corporation*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
:
In re:                           :      Chapter 15
:
KOREA LINE CORPORATION,     :      Case No. 11-_____ (___)
:
             Debtor in a           :
             Foreign Proceeding.    :
:
:
------------------------------------------------------------x

## VERIFIED PETITION FOR RECOGNITION OF FOREIGN INSOLVENCY PROCEEDING AND APPLICATION FOR RELATED PROVISIONAL RELIEF PURSUANT TO SECTIONS 1504, 1507, 1509, 1515, 1517, 1519, 1520 AND 1521 OF THE BANKRUPTCY CODE

Jin Bang Lee and Byung Nam Choi, duly appointed receivers ("Receivers" or "Petitioners") of Korea Line Corporation ("KLC" or the "Foreign Debtor"), a company undergoing rehabilitation before the Seoul Central District Bankruptcy Court (4th Division) (the "Korean Court"), case number 2011 Hoe-Hap 14 (the "Korean Proceeding") pursuant to the Korean Debtor Rehabilitation and Bankruptcy Act ("DRBA")[1] by their undersigned United States counsel, Holland & Knight LLP, respectfully submit the Official Form Petition and

---

[1] A true copy of the official English DRBA is attached as Exhibit 1 to Declaration of Tae Soo Jung (the "Jung Declaration"), filed together with this declaration.

exhibits thereto, this Verified Petition (together, the "Petition"), the accompanying Declaration of Jin Bang Lee executed on February 23, 2011 (the "Lee Declaration"), the Declaration of Tae Soo Jung, executed on February 21, 2011 (the "Jung Declaration"), and the Declaration of James H. Power, executed on February 22, 2011 (the "Power Declaration"), for entry of an Order pursuant to chapter 15 of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code"):

(i) recognizing the Korean Proceeding as a foreign main proceeding pursuant to chapter 15 of the Bankruptcy Code and the Receivers as KLC's foreign representatives under sections 1509 and 1517 of the Bankruptcy Code;

(ii) granting automatic relief pursuant to section 1520 of the Bankruptcy Code;

(iii) granting other and additional relief pursuant to sections 1507 and 1521(a) and (b) of the Bankruptcy Code; and

(iv) pending recognition, issuing an order to show cause and granting provisional relief pursuant to sections 105(a) and 1519 of the Bankruptcy Code in the form of a stay of the U.S. Actions (defined below), and enjoining creditors from utilizing any judicial or administrative process to execute, restrain or encumber KLC's assets or otherwise take or continue any action against KLC or Petitioners.

## PRELIMINARY STATEMENT

1.      This Court previously has noted that "[u]nique to the Bankruptcy Code," chapter 15 contains a statement of purpose: "'to incorporate the Model Law on Cross-Border Insolvency so as to provide effective mechanisms for dealing with cases of cross-border insolvency.'" *In re*

*Bear Stearns High-Grade Structured Credit Strategies Master Fund Ltd.*, 374 B.R. 122, 126 (Bankr. S.D.N.Y. 2007) (quoting 11 U.S.C. § 1501), *aff'd*, 389 B.R. 325 (S.D.N.Y. 2008). Among the express objectives of chapter 15 is to promote the "fair and efficient administration of cross-border insolvencies that protects the interests of all creditors, and other interested entities, including the debtor . . ." 11 U.S.C. § 1501(a)(3).

2. Petitioners request recognition of the Korean Proceeding as a foreign main proceeding primarily to obtain this Court's assistance in enforcing the stay of proceedings and actions against KLC and its property ordered by the Korean Court. To prevent irreparable harm to KLC and the Korean Proceeding pending recognition, Petitioners also seek provisional relief in the form of an order staying the commencement or continuation of actions and proceedings against Petitioners, KLC or KLC's assets, including the pending U.S. Actions.

3. At least one KLC creditor has attached KLC's property in the United States since the entry of the Stay Order. Additionally, KLC is involved in two U.S. actions, in which KLC property was attached prior to the commencement of the Korean Proceeding. KLC is involved in an additional three U.S. actions in which it is a plaintiff or in which its property has not been attached (collectively, the "U.S. Actions") Petitioners expect that other creditors of KLC will seek to attach KLC assets unless the relief requested here is granted.

4. Recognition of the Korean Proceeding as a foreign main proceeding would confer upon KLC the protection of sections 362 and 1520 of the Bankruptcy Code, thereby preventing one creditor from gaining an advantage over similarly situated creditors or otherwise interfering with the Korean Proceeding. Entry of a TRO and Preliminary Injunction will preserve the status quo until the hearing on recognition is held.

5.    As this Petition and the accompanying Declarations amply demonstrate, Petitioners seek precisely the type of relief that chapter 15 was designed to provide, while the Korean Proceeding and this Petition meet all the requirements for recognition and provisional relief.

6.    For all of these reasons and as will be shown in detail below, Petitioners respectfully submit that this Court should enter an order recognizing the Korean Proceeding as a foreign main proceeding under section 1517(b)(l), and grant appropriate relief as set forth in sections 1507, 1520 and 1521 of the Bankruptcy Code. Petitioners further submit that all the criteria for provisional relief under section 1519(e) are satisfied here and that this Court should enter the orders attached as Exhibits A, B and C.

## JURISDICTION AND VENUE

7.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and sections 109 and 1501 of the Bankruptcy Code.

8.    Venue of this proceeding is proper in this judicial district pursuant to 28 U.S.C. § 1410 because the principal U.S. Assets (described below) of KLC are located within this judicial district and there are actions pending against KLC within this judicial district.

9.    This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

## FACTUAL BACKGROUND

### KLC's Business and Recent Insolvency

10.    KLC is company organized under the laws of the Republic of Korea, with a registered address at 135-878 KLC Building 145-9 Samsung-dong, Gangam-gu, Seol, Korea. Since 1968, it has engaged in the marine transport and port logistics businesses. KLC has been a publicly listed company on the Korean Stock Exchange since 1992. KLC's operations are

4

centered in Korea and the vast majority of its assets, shareholders, officers, directors, and employees are located in Korea, as are its Receivers. The locus of activity related to the rehabilitation of KLC will be in Korea. KLC maintains its head office in Seoul, Korea and two primary offices in Pohang and Kwangyang, Korea. KLC also has representative offices in Shanghai and Singapore. Lee Declaration ¶ 6.

11.     Due to the global economic recession caused by the financial crisis of 2008, the Baltic Dry Index ("BDI") steeply dropped from 11,793 as of May 2008 to 1,400 as of January 2011, which in turn caused KLC's operating expenses (aggregate of direct shipping expenses such as fuel costs, port charges, etc. and charter hires) to exceed its operating income. In addition, many customers who had chartered ships from KLC on a long-term basis pursuant to demise charterparty contracts did not pay the charter hires or returned the chartered ships early, causing a substantial increase in delinquent claims and losses. Lee Declaration ¶ 7.

12.     KLC's liquid assets as of January 2011 totaled US $60,655,000, while KLC's debts and operating expenses as of February 2011 totaled US $186,964,000 and in March 2011, US $170,163,000. KLC's operating income will not be sufficient to cover these amounts. *Id.* ¶ 8.

13.     KLC's counterparties consist of internationally-based ship-owners, commodity traders, cargo shippers and other time-chartered operators similar to KLC. A number of these time-charter operators, including Britannia Bulk PLC, Britannia Bulkers A/S, Armada (Singapore) Pte Ltd., and Transfield ER Cape have faced similar financial difficulties. Insolvency proceedings were commenced with respect to these entities in their home

jurisdictions, which proceedings were recognized as foreign-main proceedings in the United States pursuant to chapter 15.[2] *Id.* ¶ 9.

## Korean Proceeding

14.    KLC applied for rehabilitation in Korea under the DRBA on January 26, 2011 (the "Rehabilitation Application"). Lee Declaration ¶ 10 and Exhibit 1 (A true and correct copy of the Rehabilitation Application and a certified English translation).

15.    The Korean Court received the petition and issued a stay order prohibiting the attachment and execution of KLC's property on January 26, 2011 (the "Stay Order"). *Id.* ¶ 11 and Exhibit 2 (a certified copy of the Stay Order and certified English translation). Also on January 26, 2011, the Korean Court issued an asset preservation order prohibiting the debtor from, *inter alia,* transferring KLC property and leasing assets (the "Preservation Order"). *Id.* ¶ 11 and Exhibit 3 (a certified copy of the Preservation Order with a certified English translation).

16.    On February 15, 2011, the Korean Court issued a commencement order commencing the rehabilitation proceeding with respect to KLC (the "Commencement Order"). The Commencement Order appoints Mr. Lee (as representative director) and Byung Nam Choi (third party) as receivers of KLC. The Commencement Order schedules dates for the reporting and investigation of claims, and also sets June 3, 2011 at the Korean Court as the date and location of the first meeting of interested parties. The Commencement Order also sets forth some of the facts and circumstances underlying the KLC rehabilitation. *Id.* ¶ 12 and Exhibit 4 (a certified copy of the Commencement Order and certified English translation).

---

[2] *See In re Britannia Bulkers A/S,* No. 08-15187 (REG) (Bankr. S.D.N.Y. 2009); *In re Armada (Singapore) Pte Ltd.,* No. 09-10105 (JMP) (Bankr. S.D.N.Y. 2009); *In re Britannia Bulk Plc,* No. 08-14543 (REG) (Bankr. S.D.N.Y. 2008); *In re Transfield ER Cape,* No. 10-16270 (MG) (Bankr. S.D.N.Y. 2011).

**Korean Insolvency Law**

17.     Under Korean law, actions concerning insolvency and adjustment of debts are governed by the DRBA. Jung Declaration ¶ 4.

18.     Under Article 34 of the DRBA, the debtor company, a creditor or creditors holding claims aggregating ten percent (10%) or more of the company's paid-in capital, or shareholders holding ten percent (10%) or more of the company's total issued and outstanding shares may file an application for commencement of a rehabilitation proceeding with respect to a debtor company if: (i) the debtor cannot repay its debts as they come due without significantly burdening its business operations; or (ii) there is a likelihood that an event that may cause the debtor to become insolvent may occur. *Id.*

19.     Upon commencement of the rehabilitation proceeding, creditors are prohibited from attaching properties of the debtor. *Id.* ¶ 5 (citing DRBA Art. 58. para 1). All pending attachments by creditors on the properties of the debtor company are suspended. *Id.* (citing DRBA Art. 58. para 2).

20.     Similarly, the Receivers are under a duty to take possession of, protect, realize and maintain all KLC assets, wherever located. This is because piecemeal or haphazard resolution of claims risks preferential treatment and inconsistent adjudications. *Id.* ¶ 6.

21.     Upon commencement of the rehabilitation proceeding, the court appoints a receiver. DRBA Art. 50. Usually, the court will appoint the existing management (e.g., a representative director) of the debtor company to act as the receiver in the rehabilitation proceeding, although the court will appoint an independent receiver if: (i) the debtor company's directors or managers caused the debtor company's insolvency through concealment or misappropriation of the debtor company's property or committed gross negligence in

7

mismanaging the debtor company, (ii) the debtor company's creditors' committee alleges a reasonable ground for appointing an independent receiver, or (iii) the appointment of an independent receiver is otherwise necessary to rehabilitate the debtor company. DRBA Art. 74. The court-appointed receiver is required to occupy, obtain, and manage the properties belonging to the debtor company upon court appointment. DRBA Art. 89. Generally, the rehabilitation receiver in principle exercises discretion in managing and administering the debtor company's properties. *See* DRBA Arts. 56, 61, 89. *Id.* ¶ 7.

22. The creditors of a debtor subject to a rehabilitation proceeding are required to assert their claims in that proceeding. DRBA Arts. 147, 148. More specifically, upon the commencement of the rehabilitation proceeding, the receiver will prepare a list of creditors claims. If the claims are correctly specified in such list, the filing of proofs of claims is not be required. However, if the claims are not specified or specified incorrectly, the creditors must file their claims and proofs of claims within a period of time designated by the court. If the receiver does not accept the filing of a claim, the creditor must file a confirmatory action within one month from the date set by the court for the claim allowance procedure. Once a confirmatory action is filed, the court reviews the filing and gives its decision. Any party that objects to the court's decision may file an objection within one month from receipt of the decision, following which the case is moved to the ordinary court and is reviewed in accordance with ordinary civil procedure. *Id.* ¶¶ 8-9.

23. The first interested parties' meeting is held within four (4) months from the commencement of the proceeding, and is presently scheduled for June 3, 2011. At that meeting, the Receivers will present the receiver's report, which will include information on the financial condition of the company, its prospects for recovery and the status of the secured and unsecured

8

claims against the company. After the first interested parties' meeting is held, the court orders the submission of the draft rehabilitation plan. After a draft of the plan is prepared and submitted to the court, the interested parties meet again to review the draft plan. Finally, the interested parties meet to vote on the rehabilitation plan. *Id.* ¶¶ 10-11.

24.     A rehabilitation plan may call for rescheduling of the debtor's debt over a period not to exceed, in principle, 10 years, except when corporate debentures are issued pursuant to the rehabilitation plan. Any secured rehabilitation claims and unsecured rehabilitation claims which arc not recognized under the court-approved rehabilitation plan will be irrevocably extinguished even if the rehabilitation proceeding is subsequently terminated. If payment under the court-approved rehabilitation plan has commenced, the court shall, upon petition by an interested party or *sua sponte,* terminate the rehabilitation proceedings early, unless there is an impediment to the implementation of the rehabilitation plan. *Id.* ¶ 12.

25.     If the debtor company completes the performance of its obligations under the rehabilitation proceeding or the court deems that the debtor company will perform its obligations without any problems, the court may terminate the rehabilitation proceeding with respect to the company, at which point the company will no longer be subject to the proceeding. However, if the rehabilitation proceeding is discontinued due to the company's failure to comply with the rehabilitation plan and grounds for bankruptcy exist, the court must declare the company bankrupt and liquidate it. *Id.* ¶ 13.

26.     The Korean Court exercises close supervision of Korean rehabilitations and Court-appointed receivers. In practice, this means that not only is the management of KLC Foreign Debtor being conducted from within the Korea by the Receivers, but key aspects of that management, including the power to pay any class of creditors in full, the power to make a

compromise or arrangement with creditors, the power to compromise debts and liabilities, the power to commence, continue, discontinue or defend a legal action, and the power to carry on the business of the company, are subject to Korean Court supervision and approval. *Id.* ¶ 14.

## KLC'S United States-Based Litigation and Property

27.     KLC is a plaintiff in the following active United States proceedings:

*Korea Line Corp. v. Star Shipping AS,* 08-cv-10297 (LBS) (S.D.N.Y.).

*Glory Wealth Shipping et al. v. Peninsula Enterprise et. al.,* 09-cv-02585 (TBM) (M.D.Fla).

28.     KLC is a defendant in the following United States proceedings:

*World Fuel Services (Singapore) Pte Ltd. v. Korea Line Corp. et. al.,* No. 11-cv-01334 (MMM) (C.D.Cal.).  Less than two weeks ago, a writ of maritime attachment was issued for the attachment of KLC's property in that district, including bunkers aboard the vessel M/V New Horizon, on February 12, 2011 - more than two weeks after the Korean Court issued its Stay Order and Preservation Order.

*Asian Friendship Shipping Ltd. v. Korea Line Corp.,* 08-cv-3569 (BSJ) (S.D.N.Y.).  In this proceeding, approximately $4,599,464 of KLC's electronic funds transfers ("EFTs") were attached in 2008 prior to the Second Circuit Court of Appeals' ruling in *Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd.,* 2009 WL 3319675 (2d Cir. Oct. 16, 2009).  Also prior to the *Jaldhi* ruling, on November 26, 2008 (modified May 29, 2009), KLC posted a bond as substitute security in the amount of $4,599,464.

*Odin Pacific Maritime Ltd. v. Korea Line Corp.,* 09-cv-0326 (LBS) (S.D.N.Y.). In this proceeding, approximately $194,603.16 of KLC's EFTs were attached in 2009 prior to the

Second Circuit Court of Appeals' ruling in *Jaldhi*. Also prior to the *Jaldhi* ruling, on April 20, 2009, KLC posted a bond as substitute security in the amount of $194,603.16.

> *In the Matter of Clipper Bulk Shipping v. Korea Line Corp. (The Fomalhaut)* (United States Arbitration).

29. KLC's U.S. Property consists of its offensive claims, the two bonds posted by KLC in the *Asian Friendship* and *Odin Pacific* attachment actions, and KLC's bunkers and other property attached in the *World Fuel* attachment action.

## RELIEF REQUESTED

30. Petitioners seek entry of an Order of this Court pursuant to sections 105(a), 1507, 1517, 1520, and 1521 of the Bankruptcy Code, substantially in the form of the proposed order attached hereto as Ex. A (the "Proposed Recognition Order"), granting the following relief:

    i.    Recognition of the Korean Proceeding as a foreign main proceeding as defined in section 1502(4) of the Bankruptcy Code;

    ii.    Granting relief automatically and as of right upon recognition of a foreign main proceeding pursuant to section 1520 of the Bankruptcy Code as set forth in the proposed recognition order, Ex. A hereto;

    iii.    Granting additional relief as authorized by section 1521 of the Bankruptcy Code as set forth in the proposed recognition order, Ex. A hereto;

    iv.    Otherwise granting comity to and giving full force and effect to the Korean Proceeding; and

    v.    Awarding the Receivers such other and further relief as this Court may deem just and proper.

31. Pending the entry of an order on recognition, Petitioners seek the following provisional relief pursuant to sections 105(a) and 1519 of the Bankruptcy Code:

    i.    Immediate entry of an order to show cause with temporary restraining order, substantially in the form of Ex. B hereto (the "Order to Show Cause"), pending the hearing on the Receivers' Petition for recognition under chapter 15 of the Korean Proceeding; and scheduling a hearing on Petitioners' request for continuing provisional relief.

11

ii.     Entry of an order substantially in the form attached hereto as Ex. C (the "Provisional Relief Order"),

     a.     provisionally staying the U.S. Actions;

     b.     staying and enjoining further execution, attachment or restraint of KLC's assets,

     c.     prohibiting all persons from commencing or continuing any litigation or any other proceeding, including, without limitation, appeals, mediation or any judicial, quasi judicial, administrative or regulatory action, proceeding, or any process whatsoever, or taking any other actions against the Petitioners (with respect to KLC), KLC, or any of KLC's assets, and prohibiting all persons from seeking issuance of process or initiating United States proceedings designed to effectuate the restraint, turnover or execution of KLC assets or interests located outside the United States.

32.     Such relief will ensure, among other things, that KLC's U.S. Assets will not be improperly attached, disposed of or withheld by creditors or third parties pending the hearing on recognition of the Korean Proceeding. Notwithstanding the foregoing, the relief requested herein will in no way affect any rights pursuant to sections 555, 556, 557, 559, 560, 561, 562 and 1519(d) and (f) of the Bankruptcy Code.

## BASIS FOR RECOGNITION

33.     Section 1517 of the Bankruptcy Code mandates entry of an order recognizing a "foreign proceeding" if, after notice and a hearing, it appears that recognition will not undermine U.S. public policy and: "(1) such foreign proceeding for which recognition is sought is a foreign main proceeding or foreign nonmain proceeding within the meaning of section 1502; (2) the foreign representative applying for recognition is a person or body; and (3) the petition meets the requirements of section 1515." 11 U.S.C. § 1517(a).

34.     Each of those requirements is met here, and entry of an order in the form of Ex. A will significantly aid the Receivers' efforts to administer KLC's assets and liabilities, continue KLC's profitable business and charters, and benefit KLC's creditors as a whole.

12

## A. The Korean Proceeding is a Foreign Proceeding and the Receivers are Foreign Representatives

35.    Section 101(23) of the Bankruptcy Code defines a foreign proceeding as:

a collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the debtor are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation.

11 U.S.C. § 101(23).

36.    This definition incorporates the term foreign representative, which the Bankruptcy Code defines as "a person or body, including a person or body appointed on an interim basis, authorized in a foreign proceeding to administer the reorganization or liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding." 11 U.S.C. § 101(24). There is no question that the Korean Proceeding meets all of these requirements.

37.    First, the Korean Proceeding is a judicial proceeding in a foreign country, Korea, subject to the control and supervision of the Korean Court. All claims against KLC may be submitted in the Korean Proceeding and all claimants have the right to access the Korean Court and appeal decisions of the Receivers. Moreover, as described in detail above, critical functions of the Receivers, including the settlement of claims, distribution of assets and determination of the priority of creditors may only be exercised with the explicit consent of the Korean Court.

38.    Second, the Korean Proceeding is being conducted by the Receivers, who were appointed by the Korean Court pursuant to the DRBA. As such the Receivers are "persons" authorized to administer the reorganization and/or liquidation of KLC's assets and affairs within the meaning of section 101(24).

39.    Third, the law governing the Korean Proceeding, the DRBA, specifically relates to "insolvency or adjustment of debt." 11 U.S.C. §101(23). The full name of the DRBA is the

13

Debtor Rehabilitation and Bankruptcy Act. and it sets out the rules for administering the rehabilitation or liquidation of an entity under Korean law. *See generally* Jung Declaration Ex. 1.

40.     Finally, the Korean Proceeding is "collective" because it "considers the rights and obligations of all creditors." *In re Betcorp Ltd.*, 400 B.R. 266, 281 (Bankr. D. Nev. 2009). The Receivers are presently in the process of collecting and assessing claims from all of KLC's creditors. The Korean Court has set the first meeting of interested parties for June 3, 2011 at the Korean Court.

41.     This Court recently recognized similar Korean rehabilitation proceedings of a Korean entity as a "foreign proceeding" and accorded to the receiver that proceedings the status of foreign representative for the purposes of chapter 15. *See In re Daewoo Logistics Corp.*, 09-15558 (BRL) (Bankr. S.D.N.Y. October 21, 2009); *In re Samsun Logix Corp.*, 09-11109 (S.D.N.Y. 2009). This Court should find that the Korean Proceeding at issue here qualifies as a foreign proceeding and that Petitioner qualifies as a foreign representative for purposes of chapter 15.

## B.     The Korean Proceeding is a Foreign Main Proceeding

42.     A foreign proceeding will be recognized as a foreign *main* proceeding if "it is pending in the country where the debtor has the center of its main interests." 11 U.S.C. § 1517(b)(l). Under section 1516(c) of the Bankruptcy Code, "absent evidence to the contrary, the debtor's registered office . . . is presumed to be the center of the debtor's main interests" or its "COMI."

43.     KLC is a company formed under the laws of Korea, and its registered office is located there. Accordingly, this Court and Petitioners are entitled to rely on the section 1516(c)

14

presumption that Korea is KLC's COMI. The facts of this case further support a finding that Korea's COMI.

44. It is well-established that in determining an entity's COMI, courts consider any relevant factors including: (i) the location of the debtor's assets; (ii) the location of the debtor's books and records; (iii) the location of the majority of the debtor's creditors; (iv) the commercial expectations and knowledge of the debtor's creditors; and (v) the location of those who actually manage the debtor. *See In re SPhinX,* 351 B.R. 103 (Bankr. S.D.N.Y. 2006), *aff'd,* 371 B.R. 10 (S.D.N.Y. 2007).

45. KLC's assets and continuing business primarily are located in Korea, where it maintains three offices. Similarly, all of KLC's books and records are located in Korea.

46. As can be seen from the creditor list attached as Exhibit 5 to the Lee Declaration, KLC's creditors are located all over the world. That being said, KLC is a well known, long established, publicly traded Korean enterprise, and there can be little doubt that KLC's creditors understood that it was a Korean entity.

47. Finally, both before and after the commencement of the Korean Proceeding, the location of those who actually manage KLC - including KLC's Receivers - in Korea.

48. In *In re Culmer,* 25 B.R. 621, 632 (Bankr. S.D.N.Y. 1982), Judge Lifland recognized a Bahamas liquidation pursuant to chapter 15's predecessor, 11 U.S.C. § 304, where the entities' creditors similarly had actual knowledge they were dealing with a Bahamas entity. He reasoned: "This result is altogether just and appropriate as these creditors dealt freely with [the foreign debtor] and were undoubtedly aware that they were dealing with a [company] incorporated under and subject to foreign law when they first began doing business with [the

15

foreign debtor]." He quoted at length from the Supreme Court's "declaration" in *Canada Railway Co. v. Gebhard* 109 U.S. 527, 537-538 (1883) as follows:

> [E]very person who deals with a foreign corporation impliedly subjects himself to such laws of the foreign government, affecting the powers and obligations of the corporation with which he voluntarily contracts, as the known and established policy of that government authorizes. To all intents and purposes, he submits his contract with the corporation to such a policy of the foreign government, and whatever is done by that government in furtherance of that policy, which binds those in like situation with himself, who are subjects of the government, in respect to the operation and effect of their contracts with the corporation, will necessarily bind him. He is conclusively presumed to have contracted with a view to such laws of that government, because the corporation must of necessity be controlled by them, and it has no power to contract with a view to any other laws with which they are not in entire harmony.

25 B.R. at 632.

49.     In sum, Petitioners submit that there is ample evidence and precedent to support the recognition of the Korean Proceeding as a foreign main proceeding.

## C.     The Korean Proceeding Meets All Other Requirements for Recognition

50.     All other requirements for recognition under section 1515 are met here. The Petition is accompanied by evidence supporting the existence of a foreign proceeding and a foreign representative, including a copy of the Commencement Order issued by the Korean Court and a certified English translation thereof. *See* 11 U.S.C. 1515(b); *see also* Lee Declaration Ex. 4.

51.     The Petition also is accompanied by a declaration containing the information required by Bankruptcy Rule 1007, including the disclosures required by Bankruptcy Rule 7007.1, a statement indicating that there are no other persons or entities known to Petitioners that are authorized to administer foreign proceedings with respect to KLC, a list of all known parties to litigation with KLC in the United States, and a list of all entities against which provisional relief is sought. *See* Lee Declaration, Ex. 5 and Schedule A thereto. Likewise the documents

supporting the Petition are in English or certified translations have been provided. *See* 11 U.S.C. § 1515(d).

52.     Under these circumstances, the Receivers and the Petition satisfy all of the requirements for recognition as Foreign Representatives and as a foreign main proceeding under chapter 15.

## BASIS OF APPLICATION FOR PROVISIONAL RELIEF

53.     Pending the hearing on recognition, Petitioners request the issuance of an order to show cause with *ex parte* temporary relief, and the issuance of a temporary order staying the U.S. Actions. *See* Exhibits B & C to this Petition. Section 1519(a) of the Bankruptcy Code permits the Court to grant "relief of a provisional nature" from the time a petition for recognition is filed until the court rules on that petition, where such relief is "urgently needed to protect the assets of the debtor or the interest of the creditors." 11 U.S.C. § 1519(a). The specific relief that may be granted under section 1519(a) and that is requested here includes, *inter alia*, staying execution against the debtor's assets; suspending the right to transfer, encumber or otherwise dispose of any assets of the debtor; entrusting the administration or realization of all or part of the debtor's assets within the territorial jurisdiction of the United States to the foreign representative in order to protect and preserve the value of assets that, by their nature or because of other circumstances, are perishable, susceptible to devaluation or otherwise in jeopardy; providing for the examination of witnesses; or granting any other relief, with certain exceptions, that may be available to a trustee. *Id.; see also* 11 U.S.C. § 1521(a) (3), (4) and (7) (setting forth additional forms of relief allowed under provisional order as incorporated by reference in 11 U.S.C. § 1519(a)(3)).

54.     A temporary stay of all U.S. litigation pending this Court's decision on the Petition is urgently necessary to preserve the estate and protect KLC's creditors.

17

55. The key principle underlying the DRBA is *in pari passu* - that like creditors should be treated alike. No creditor should be permitted to gain an unfair advantage by attaching or executing upon property in the United States. Additionally, the attachment of KLC's property in the United States is disruptive to KLC's rehabilitation efforts, as the continuous movement of KLC vessels is critical to KLC's revenue stream. Lee Declaration ¶ 27.

56. With the exception of the U.S. arbitration, each of the U.S. Actions constitute ancillary prejudgment security actions against KLC's property. There are no substantive issues concerning the liabilities or debts of KLC pending in any U.S. Court.

57. In two actions, *Asian Friendship Shipping Ltd. v. Korea Line Corp.,* 08-cv-3569 (BSJ) (S.D.N.Y.) and *Odin Pacific Maritime Ltd. v. Korea Line Corp.,* 09-cv-0326 (LBS) (S.D.N.Y.), KLC has posted bonds in connection with attachments that are both invalid under U.S. law and avoidable under Korean Law.

58. In *World Fuel Services (Singapore) Pte Ltd. v. Korea Line Corp. et. al.,* No. 11-cv-01334 (MMM) (C.D.Cal.), a creditor attached the bunkers and other property aboard KLC's chartered vessel after the Korean Stay Order was implemented.

59. KLC vessels regularly trade in the United States and KLC does business with United States entities. It is likely that other KLC creditors will attempt to attach KLC's property in the United States in the immediate future.

60. If any creditor is permitted to attach or execute upon KLC property, it will jeopardize the Receivers' ability to effect an equitable distribution of assets in the Korean Proceeding. Such attachments will divert critical resources of KLC toward needless U.S. litigation, and will make the rehabilitation of KLC more difficult and costly to achieve. Lee Declaration ¶ 29.

18

61. As the Second Circuit has held, "[t]he theme of the Bankruptcy Act is equality of distribution of assets among creditors... and correlatively avoidance of preference to some... The road to equity is not a race course for the swiftest." *Israel British Bank (London), Ltd. v. Fed Deposit Ins. Corp.*, 536 F.2d 509, 513 (2d Cir. 2006), *cert. denied sub nom. Bank of the Commonwealth v. Israel-British Bank (London) Ltd.*, 429 U.S. 978 (1976) (internal citations omitted).

62. "The guiding premise" of bankruptcy law is "the equality of distribution among the creditors." *Cunard S.S. Co. Ltd. v. Salen Reefer Servs., A.B.*, 773 F.2d 452, 459 (2d Cir. 1985). Rather than exposing KLC to actions that could lead to the piecemeal distribution of its assets, the relief requested herein will afford Petitioners the "breathing room" necessary to conduct an orderly review of KLC's affairs and ensure that its creditors receive equitable treatment. Provisional relief such as that requested here has been granted frequently in other chapter 15 cases to foreign representatives. *See, e.g., In re Transfield ER Cape*, No. 10-16270 (MG) (Bankr. S.D.N.Y. Nov. 24, 2011); *In re Britannia Bulkers A/S*, No. 08-15187 (REG) (Bankr. S.D.N.Y. Jan. 5, 2009); *In re Armada (Singapore) Pte Ltd.*, No. 09-10105 (JMP) (Bankr. S.D.N.Y. Jan. 7, 2009); *In re The Int'l Banking Corp., B.S.C.* No 09-17318 (Bankr. S.D.N.Y., Jan. 5, 2009) (SMB); *In re Britannia Bulk Plc*, No. 08-14543 (REG) (Bankr. S.D.N.Y. Nov. 20, 2008); *In re Alitalia Linee Aeree Italiane S.p.A.*, No. 08-14321 (BRL) (Bankr. S.D.N.Y. Nov. 3, 2008); *In re Afinsa Bienes Tangibles SA*, No. 07-10675 (JMP) (Bankr. S.D.N.Y. March 15, 2007); *In re Daewoo Corp.*, No. 06-12242 (REG) (Bankr. S.D.N.Y. Sept. 25, 2006); *In re Hatteras Reinsurance Ltd.*, No. 06-11304 (JMP) (Bankr. S.D.N.Y. June 8, 2006); *In re Yukos Oil Company*, No. 06-10775 (RDD) (Bankr. S.D.N.Y. April 13, 2006). Petitioners respectfully ask the Court to do likewise here.

**Petitioner Satisfies the Standards Applicable to an Injunction**

63.     Section 1519(e) provides: "The standards, procedures, and limitations applicable to an injunction shall apply to [a request for provisional] relief under this section." 11 U.S.C. §1519(e). In the Second Circuit, the party seeking injunctive relief must show that it is likely to suffer irreparable and imminent harm if temporary injunctive relief is not granted and either (i) likelihood of success on the merits or (ii) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the provisional relief. *See Tinnerello & Sons, Inc. v. Town of Stonington,* 141 F.3d 46, 51-52 (2d Cir. 1998); *In re Lines,* 81 B.R. 267, 270 (Bankr. S.D.N.Y. 1988). Those standards are all satisfied in this case.

### Irreparable Harm

64.     An estate is irreparably harmed when the orderly determination of claims and equitable distribution of assets are endangered. *See In re Netia Holdings S.A.,* 278 B.R. 344, 352 (Bankr. S.D.N.Y. 2002) (enjoining any proceedings in New York against assets of the foreign debtor on the ground that "[i]t is well established, at least in this district, that the dissipation of finite resources of an insolvent estate constitutes irreparable injury"); 2 Collier on Bankruptcy, 304.05 at 304-21 (Alan N. Resnick & Henry J. Somme eds., 15th ed. rev. 2009) ("irreparable harm is present when the failure to enjoin local actions will disrupt the orderly reconciliation of claims and the fair distribution of assets in a single, centralized forum").

65.     As described above, the requested provisional relief is required to allow the Receivers to perform their statutory functions, preserve KLC's property and ensure that KLC's creditors receive equitable treatment. The threats to these goals are very real, as evidenced by the already-issued attachments orders with respect to KLC's property subsequent to the commencement of the Korean Proceeding. *See Petition of Rukavina,* 227 B.R. 234, 242 (Bankr.

S.D.N.Y. 1998) (the commencement or pendency of local litigation irreparably harms a foreign debtor because it encourages a "race to the courthouse").

### Likelihood of Success on the Merits

66.     As discussed above at paragraphs 1 through 52, there is ample evidence and legal precedent to support the following findings:

     a.  that the Petitioners are foreign representatives;

     b.  that the Korean Proceeding is a foreign proceeding;

     c.  that KLC is a Korean entity that maintains its registered office in Korea;

     d.  that KLC is entitled to a statutory presumption that Korea is KLC's COMI;

     e.  that the facts of this case further support a finding that the Korea is KLC's COMI; and

     f.  that this Petition otherwise meets all of the requirements for recognition under chapter 15 of the Bankruptcy Code.

The Court therefore should find that Petitioners have shown a likelihood of success on the merits.

### Balance of Hardships

67.     The equities weigh strongly in favor of granting Petitioners the requested provisional relief. Temporarily staying the U.S. proceedings and enjoining additional U.S. proceedings against KLC and its U.S. property pending the hearing on recognition will prevent permanent and irreparable loss to the KLC estate, interference with the Korean rehabilitation activities, and potentially save substantial litigation costs.

68.     Staying the existing U.S. actions also will not prejudice the other parties thereto. Notably all but one of the U.S. Actions (the arbitration) were brought by foreign plaintiffs solely

21

to obtain priority over other creditors based upon claims that have no connection to the United States. Nevertheless, to the extent any party has obtained an attachment order with respect to any KLC property, that order will remain in place pending further order of this Court.

69. World Fuel's attachment of KLC's property in violation of the Korean Stay Order was invalid *ab initio*. *See, e.g., Cunard S.S. Co. Ltd. v. Salen Reefer Servs. AB*, 773 F.2d 452, 455 (2d Cir. 1985) (vacating Rule B attachments obtained after foreign insolvency proceedings commenced under Chapter 15's predecessor, 11 U.S.C. 304); *Victrix S.S. Co., S.A. v. Salen Dry Cargo A.B.*, 825 F.2d 709, 713 (2d. Cir. 1987) (vacating Rule B attachment obtained after a Swedish liquidation proceeding had commenced under Chapter 15's predecessor, 11 U.S.C. 304); *In re Atlas Shipping A/S*, 404 B.R. 726, 740-42 (Bankr. S.D.N.Y. 2009) (vacating Rule B attachment obtained both before and after Danish proceeding had commenced pursuant to 11 U.S.C. 1521). Even then, the Receivers simply request that the Court stay that action for now.

70. Under the circumstances, the provisional relief sought will not prejudice any affected party's rights in the United States, but will simply maintain the *status quo* with respect to KLC's U.S. Assets. Accordingly, Petitioners submit that they are entitled to the requested provisional relief.

## **REQUEST FOR WAIVER OF LOCAL BANKRUPTCY RULE 9013-1(b)**

71. It is respectfully requested that this Court waive and dispense with the requirement set forth in Rule 9013-l(b) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York that any motion filed shall be accompanied by a memorandum of law on the grounds that the relevant authorities in support of the Verified Petition and Application for Provisional Relief are contained herein.

## HEARING DATES AND NOTICES

72.     Section 1517(c) requires that "a petition for recognition of a foreign proceeding shall be decided upon at the earliest possible time." Bankruptcy Rule 2002 sets forth a twenty-day notice requirement to parties in interest with certain exceptions to approve the Petition. If no objections to this Petition are filed by the date ordered for such objections, Petitioner requests that the Court enter the Proposed Order recognizing the Korean Proceeding as a foreign main proceeding without a hearing pursuant to Local Rule 2002-1.

73.     Petitioners further request that the Court set the date for a hearing on their request for continuing provisional relief by order to show cause (the "Hearing Date") with *ex parte* relief. If no objections to this Application are filed by the date ordered for such objections, Petitioners request that the Court enter the proposed order granting continuing provisional relief without a hearing, pursuant to Local Rule 2002-1.

74.     Petitioners propose that once a Hearing Date has been set by the Court, notice will be given as reasonable and appropriate under the circumstances. Specifically, Petitioners propose serving copies of the Petition and related documents by United States mail, first-class postage prepaid, by overnight courier, by electronic mail, or by hand delivery where practicable, upon all known creditors and all other parties against whom relief is sought (or their counsel), including any such parties (or counsel) that have addresses outside the United States, in accordance with Bankruptcy Rules 1010 and 7004(a) and (b) within three (3) business days after the order to show cause is entered.

75.     Petitioners submit that such notice and service is reasonable and proper under the circumstances, and that no other or further notice is necessary or appropriate.

76.     No previous application for the relief requested in this Petition has been made in this or any other court in the United States.

## CONCLUSION

WHEREFORE, Petitioners respectfully request that this Court enter Orders, substantially in the form of Exs. A, B and C hereto, granting the relief requested herein and such other and further relief as may be just and proper.

Dated: New York, New York
February 23, 2011

Respectfully submitted,

HOLLAND & KNIGHT LLP

By:   /s/ James H. Power
      James H. Power, Esq.
      Barbra R. Parlin, Esq.
      Warren E. Gluck, Esq.
      HOLLAND & KNIGHT LLP
      31 West 52nd Street
      New York, New York 10019
      Telephone: 212-513-3200
      Telefax: 212-385-9010
      Email: james.power@hklaw.com
             barbra.parlin@hklaw.com
             warren.gluck@hklaw.com

*Counsel for the Receivers of*
*Korea Line Corporation*

## VERIFICATION

I, JIN BANG LEE, hereby certify and verify under penalty of perjury pursuant to 28 U.S.C. 1768 that (i) I am a duly appointed representative of the Receivers of Korea Line Corporation and am fully familiar with the matters set forth in the attached petition; and (ii) the factual statements set forth therein are true and correct to the best of my knowledge.

Dated: February 23, 2011

JIN BANG LEE