James H. Power, Esq.
Barbra R. Parlin, Esq.
Warren E. Gluck, Esq.
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, New York 10019
Telephone: 212-513-3200
Telefax: 212-385-9010
Email: james.power@hklaw.com
barbra.parlin@hklaw.com
warren.gluck@hklaw.com

*Counsel for the Receivers of Korea Line Corporation*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 15 |
| KOREA LINE CORPORATION, | Case No. 11-_____ (___) |
| Debtor in a Foreign Proceeding. | |

------------------------------------------------------x

## DECLARATION OF JAMES H. POWER PURSUANT TO LOCAL BANKRUPTCY RULE 9077-1 (a)

I, James H. Power, hereby declare, that the following statements are true and correct:

1. I am a member of Holland & Knight LLP, U.S. counsel to Jin Bang Lee and Byung Nam Choi, duly appointed receivers ("Receivers" or "Petitioners") of Korea Line Corporation ("KLC" or the "Foreign Debtor"), a company undergoing rehabilitation before the Seoul Central District Bankruptcy Court (4th Division) (the "Korean Court"), case number 2011 Hoe-Hap 14 (the "Korean Proceeding") pursuant to the Korean Debtor Rehabilitation and Bankruptcy Act ("DRBA"). I respectfully submit this declaration (the "Power Declaration") pursuant to Rule 65 of the Federal Rules of Civil Procedure, as made applicable by Rule 7065 of

the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 9077-1(a) in support of Petitioners' Application for *Ex Parte* and Provisional Relief pending entry of an order recognizing the Administration under chapter 15 of title 11 of the U.S. Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code").

2. Local Bankruptcy Rule 9077-1 (a) provides that no order to show cause shall be granted except upon a clear and specific showing by affidavit of good and sufficient reasons why proceeding other than by notice of motion is necessary.

3. The principal reasons for the requested temporary and provisional relief relate to the U.S. actions filed against KLC, and actions that I expect to be filed against KLC in the immediate future unless the relief requested is granted.

4. In *World Fuel Services (Singapore) Pte Ltd. v. Korea Line Corp. et. al.*, No. 11-cv-01334 (MMM) (C.D.Cal.), a creditor of KLC recently attached the bunkers and other property aboard KLC's chartered vessel after the Korean Stay Order was implemented. At the time of this Declaration property of KLC remains under attachment.

5. I am of the belief that other KLC creditors are preparing to attach KLC assets that may now or in the future be located in the United States. I base my belief on my knowledge of the procedures and frequent use of maritime arrest and attachment which favor pre-judgment creditors seeking security for their claims. I understand that most of the assets of KLC are vessels owned or chartered by KLC. These assets are engaged in global trade thereby potentially subjecting these KLC assets to port calls at U.S.-based ports.

6. The remaining actions in which KLC is a defendant should be immediately and provisionally stayed because they directly relate to KLC assets in the United States, and therefore will fall within this Court's jurisdiction upon recognition. Both *Asian Friendship*

*Shipping Ltd. v. Korea Line Corp.*, 08-cv-3569 (BSJ) (S.D.N.Y.) and *Odin Pacific Maritime Ltd. v. Korea Line Corp.*, 09-cv-0326 (LBS) (S.D.N.Y.) are maritime attachment actions where KLC property was seized and substitute security has been posted. I understand there is no U.S. connection to these lawsuits other than the fact that KLC's property is here.

7. The requested provisional relief is required to allow the Receivers to perform their statutory functions, preserve KLC estate's U.S. and non-U.S. assets and ensure that KLC's creditors receive equitable treatment. The threats to these goals are very real, as evidenced by the already-issued attachment order granted by the U.S. District Court Judge in the *World Fuel* case.

8. KLC has and will continue to have property in the United States during the rehabilitation proceedings in Korea. It's vessels call at United States ports and some of its counter-parties are subject to United States jurisdiction. When KLC property - particularly its vessels and bunkers - are attached, there is an immediate economic harm to the KLC estate because that vessel cannot trade. Furthermore, it is difficult for a company undergoing debt reorganization such as KLC to post a bond to secure the release of its property.

9. Accordingly, the entry of an immediate order staying all actions against KLC or its property in the United States, and enjoining the institution of any new actions against KLC or its property in the United States furthers the principles of an orderly cross-border insolvency and thus, the purposes of Chapter 15.

10. As notice and an opportunity to be heard will be afforded any party affected by the *ex parte* relief, such other parties will be minimally, if at all, harmed by the entry of the Order to Show Cause. No previous request for the relief sought in the *Ex Parte* Application has been made to this Court or any other court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Dated: New York, New York
February 23, 2011

/s/ James H. Power
James H. Power

4