UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                        :    Chapter 15
                                              :
KOREA LINE CORPORATION                        :    Case No. 11-_____ (___)
                                              :
         Debtor in a                          :
         Foreign Proceeding.                  :
                                              :
                                              :
------------------------------------------------------------x

## DECLARATION OF JIN BANG LEE PURSUANT TO 11 U.S.C. § 1515 IN SUPPORT OF (1) PETITION FOR ENTRY OF AN ORDER RECOGNIZING FOREIGN MAIN PROCEEDING AND GRANTING FURTHER RELIEF; AND (2) APPLICATION FOR PROVISIONAL RELIEF

Jin Bang Lee, pursuant to 28 U.S.C. § 1746, hereby declares under penalty of perjury under the laws of the United States, as follows:

1. I am one of the receivers ("Receivers" or "Petitioners") of Korea Line Corporation ("KLC" or the "Foreign Debtor"), a company undergoing rehabilitation before the Seoul Central District Bankruptcy Court (4th Division) (the "Korean Court"), case number 2011 Hoe-Hap 14 (the "Korean Proceeding") pursuant to the Korean Debtor Rehabilitation and Bankruptcy Act ("DRBA").[1]

2. I respectfully submit this declaration in support of (i) the Receivers' petition seeking recognition of the Korean Proceeding pursuant to either 11 U.S.C. §1517(b)(1) as a foreign main, and (ii) Petitioners' Ex Parte Application for Provisional Relief Under 11 U.S.C. §§1519(a) and 1521(a) (the "Application").

---

[1] A true copy of the official English DRBA is attached as Exhibit 1 to Declaration of Tae Soo Jung ("Jung Declaration"), filed together with this declaration.

3. I am a director of KLC and I am duly authorized to make this declaration on behalf of the Receivers of KLC. I am a Korean resident and speak Korean, but I am also proficient in English.

4. I am familiar with the Model Law on Cross-Border Insolvency, adopted by the United Nations Commission on International Trade Law (UNCITRAL), and approved by a resolution of the United Nations General Assembly on 15 December 1997 (the "Model Law").

5. I understand that Chapter 15 of the U.S. Bankruptcy Code is based upon the substance of the Model Law.

6. KLC is company organized under the laws of the Republic of Korea, with a registered address at 135-878 KLC Building 145-9 Samsung-dong, Gangam-gu, Seol, Korea. Since 1968, it has engaged in the marine transport and port logistics businesses. KLC has been a publicly listed company on the Korean Stock Exchange since 1992. KLC's operations are centered in Korea and the vast majority of its assets, shareholders, officers, directors, and employees are located in Korea, as are its Receivers. The locus of activity related to the rehabilitation of KLC will be in Korea. KLC maintains its head office in Seoul, Korea two primary offices in Pohang and Kwangyang, Korea as well as representative offices in Shanghai and Singapore.

### The KLC Rehabilitation and Korean Insolvency Law

7. Due to the global economic recession caused by the global financial crisis of 2008, the Baltic Dry Index ("BDI") steeply dropped from 11,793 as of May 2008 to 1,400 as of January 2011, which in turn caused KLC's operating expenses (aggregate of direct shipping expenses such as fuel costs, port charges, etc. and charter hires) to exceed its operating income, causing the business index to deteriorate significantly. In addition, many customers who had

2

chartered ships from the KLC on a long-term basis pursuant to demise charterparty contracts did not pay the charter hires or returned the chartered ships early, causing a substantial increase in delinquent claims and losses.

8. KLC's liquid assets as of January 2011 totaled US$60,655,000, while the funds necessary for repayment of debts and operating expenses in February 2011 is US$186,964,000 and in March 2011, US$170,163,000. KLC's operating income will not be sufficient to cover these amounts, with an expected shortfall of US$35,932,000 in March of 2011.

9. KLC's counterparties consist of internationally-based ship-owners, commodity traders, cargo shippers and other time-chartered operators similar to KLC. A number of these time-chartered operators, including Britannia Bulk PLC, Britannia Bulkers A/S, Armada (Singapore) Pte Ltd., and Transfield ER Cape have faced similar financial difficulties. Insolvency proceedings were commenced with respect to these entities in their home jurisdictions, which proceedings, I understand, were recognized as foreign-main proceedings in the United States pursuant to chapter 15.

10. KLC applied for rehabilitation in Korea under the DRBA on January 26, 2011 (the "Rehabilitation Application"). I am advised that the rehabilitation application represents the commencement of a foreign proceeding as defined in 11 U.S.C. §101(24). A true and correct copy of the Rehabilitation Application and a certified English translation are attached hereto as Exhibit 1.

11. The Korean Court received the petition and issued a stay order prohibiting the attachment and execution of KLC's property on January 26, 2011 (the "Stay Order"). A certified copy of the Stay Order with a certified English translation are attached hereto as Exhibit 2. Also on January 26, 2011, the Korean Court issued an asset preservation order prohibiting the debtor

from, *inter alia,* transferring KLC property and leasing assets (the "Preservation Order"). A certified copy of the Preservation Order with a certified English translation are attached hereto as Exhibit 3.

12. On February 15, 2011, the Korean Court issued a commencement order commencing the rehabilitation proceeding with respect to KLC (the "Commencement Order"). The Commencement Order appoints myself (as representative director) and Byung Nam Choi (third party) as receivers of KLC. The Commencement Order schedules dates for the reporting and investigation of claims, and also sets June 3, 2011 at the Korean Court as the date and location of the first meeting of interested parties. The Commencement Order also sets forth some of the facts and circumstances underlying the KLC rehabilitation. A certified copy of the Commencement Order and certified English translation are attached hereto as Exhibit 4.

13. Under Korean law, actions such as KLC's rehabilitation proceeding concerning insolvency and adjustment of debts are governed by the DRBA. For a more complete discussion of Korean insolvency and rehabilitation proceedings under the DRBA, I refer the court to the accompanying Jung Declaration.

14. Upon commencement of the rehabilitation proceeding, new attachments by creditors over the properties of a debtor company are prohibited. DRBA Art. 58. para 1. All current attachments by creditors on the properties of the debtor company are suspended. DRBA Art. 58. para 2. Similarly, the Receivers are under a duty to take possession of, protect, realize and obtain all KLC assets, wherever located. This is because piecemeal or haphazard resolution of claims risks preferential treatment and inconsistent adjudications.

15. The Korean Court exercises close supervision of Korean rehabilitations and Court-appointed receivers such as myself. In practice, this means that not only is the

management of KLC Foreign Debtor being conducted from within the Korea by the Receivers, but key aspects of that management, including the power to pay any class of creditors in full, the power to make a compromise or arrangement with creditors, the power to compromise debts and liabilities, the power to commence, continue, discontinue or defend a legal action, and the power to carry on the business of the company, are subject to Korean Court supervision and approval.

## KLC'S UNITED STATES-BASED LITIGATION AND PROPERTY AND THE NEED FOR PROVISIONAL RELIEF

16. KLC is a plaintiff in the following active United States proceedings:

   a. *Korea Line Corp. v. Star Shipping AS*, 08-cv-10297 (LBS) (S.D.N.Y.).

   b. *Glory Wealth Shipping et al. v. Peninsula Enterprise et. al.*, 09-cv-02585 (TBM) (M.D.Fla).

17. KLC is a defendant in the following United States proceedings:

   a. *World Fuel Services (Singapore) Pte Ltd. v. Korea Line Corp. et. al.*, No. 11-cv-01334 (MMM) (C.D.Cal.). In this proceeding, a writ of maritime attachment was issued for the attachment of KLC's property in that district, including bunkers aboard the vessel M/V New Horizon, on February 12, 2011 - more than two weeks after the Korean Court issued its Stay Order and Preservation Order. *See* Exhibits 2 and 3 attached hereto.

   b. *Asian Friendship Shipping Ltd. v. Korea Line Corp.*, 08-cv-3569 (BSJ) (S.D.N.Y.). In this proceeding, approximately $4,599,464 of KLC's electronic funds transfers ("EFTs") were attached in 2008 prior to the Second Circuit Court of Appeals' ruling in *Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd.*,

2009 WL 3319675 (2d Cir. Oct. 16, 2009). Also prior to the *Jaldhi* ruling, on November 26, 2008 (modified May 29, 2009), KLC posted a bond as substitute security in the amount of $4,599,464.

  c. *Odin Pacific Maritime Ltd. v. Korea Line Corp.*, 09-cv-0326 (LBS) (S.D.N.Y.). In this proceeding, approximately $194,603.16 of KLC's EFTs were attached in 2009 prior to the Second Circuit Court of Appeals' ruling in *Jaldhi*. Also prior to the *Jaldhi* ruling, on April 20, 2009, KLC posted a bond as substitute security in the amount of $194,603.16.

  d. *In the Matter of Clipper Bulk Shipping v. Korea Line Corp. (The Fomalhaut)* (United States Arbitration).

**Qualifications for Recognition**

18. I am aware of the meaning of "foreign proceeding" as defined in 11 U.S.C. 101(23) of the Bankruptcy Code. I am advised by U.S. counsel and verily believe that the Korean Proceeding qualifies as such because the Korean Proceeding is a judicial proceeding under the supervision of the Korean Court in which the rights of creditors and stake-holders will be determined together, pursuant to the DRBA, which is a law relating to insolvency and adjustment of debts.

19. I am aware of the definition of "foreign representative" as defined in 11 U.S.C. 101(24) of the Bankruptcy Code. I am advised by U.S. counsel and verily believe that the Receivers qualify as such because they are duly authorized and empowered by the Korean Court to administer the rehabilitation of KLC's assets and affairs, as well as to act as duly authorized representatives of the Korean Proceeding internationally.

20. I also am aware that "foreign court" is defined in Section 1502 of the Bankruptcy Code as "a judicial or other authority competent to control or supervise a foreign proceeding." I believe that the Korean Court qualifies as a "foreign court." In addition, the Korean Court exercises direct control over the Korean Proceeding.

21. Finally, I am aware of the requirements for recognition as a foreign main and non-main proceeding under Section 1517(b)(1) and (2) of the Bankruptcy Code. I believe that the Korean Proceeding qualifies as a main proceeding, and that Korea KLC's center of main interests ("COMI").

22. As noted above, KLC was formed under the laws of Korea, and maintains its registered office there. I am advised that under U.S. law, this fact triggers a statutory presumption that Korea is KLC's COMI.

23. I submit that there is no basis for rebutting this statutory presumption and that the circumstances clearly indicated that Korea is KLC's COMI. KLC's primary offices, directors and officers, employees and assets are all in Korea. Additionally, KLC is listed as a publicly traded company on the Korean Stock exchange. I further believe that all of KLC's creditors and counterparties would have been aware that they were dealing with a Korean company. The locus of activity with respect to the rehabilitation proceeding and the activities of the Receivers also is in Korea.

24. In accordance with 11 U.S.C. § 1515(c), I am aware of no other pending foreign insolvency proceedings in which KLC is the subject of the proceeding.

25. In accordance with Bankruptcy Rule 1007-1, attached hereto as Exhibit 5 is a list of known and pending actions in the United States in which KLC is named as a party, a list of

known parties against which provisional relief is sought, and the disclosures required under Bankruptcy Rule 7007.1.

**The Need For Provisional Relief**

26. A temporary stay of all United States litigation with respect to KLC and a temporary prohibition of the commencement of new actions against KLC and/or its property pending this Court's decision on this application for recognition of the Korean Proceeding is necessary to preserve the estate and protect TERC's creditors.

27. The key principle underlying the DRBA is *in pari passu* - that like creditors should be treated alike. No creditor should be permitted to gain an unfair advantage by attaching or executing upon property in the United States. Additionally, the attachment of KLC's property in the United States is disruptive to KLC's rehabilitation efforts, as the continuous movement of KLC vessels is critical to KLC's revenue stream.

28. World Fuel has attached KLC's property in the United States despite the Korean Court issuing the Stay Order with respect to KLC's property. I verily believe that other KLC creditors will attempt to attach KLC property or arrest KLC vessels in the United States unless this Court issues the requested temporary restraining order.

29. If any creditor is permitted to attach or execute upon KLC property, it will jeopardize the Receivers' ability to effect an equitable distribution of assets in the Korean Proceeding. Such attachments will divert critical resources of KLC toward needless U.S. litigation, and will make the rehabilitation of KLC more difficult and costly to achieve.

30. For the foregoing reasons, I believe that: (i) the Receivers qualify as a "foreign representative" of the Korean Proceeding, and the Korean Proceeding constitutes a "foreign proceeding" as per 11 U.S.C. §§101(23) and (24), respectively; (ii) this case was properly

commenced in accordance with the requirements of chapter 15; (iii) the Korean Proceeding is a "foreign main proceeding" within the meaning of 11 U.S.C. §§ 1502(4) and 1517 (b)(1); and (iv) preliminary relief is of the utmost importance and warranted here.

31. In addition, I submit that the requested provisional relief is necessary in order to maintain the status quo. In particular, a stay of the U.S. actions against KLC and its assets pending a decision on recognition is required to prevent dissipation, seizure, attachment, restraint and or enforcement against property of KLC in the United States, to prevent burdensome discovery requests, and otherwise interfere with KLC relationships with entities subject to United States jurisdiction. I am advised that this relief is specifically permitted under 11 U.S.C §§1519 and 1521(a), and that these circumstances warrant such relief.

32. For all of these reasons, I respectfully request that this Court enter an Order recognizing Petitioners as foreign representatives of the Korean Proceeding, the Korean Proceeding as a foreign main proceeding under chapter 15, and enter an Order granting provisional relief pending the hearing on recognition.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: February 23, 2011

_____
Jin Bang Lee

#10129102_v1

9