UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
In re:                                              :
                                                    :    Chapter 15
KOREA LINE CORPORATION,                             :
                                                    :    Case No. 11-_____(___)
            Debtor in a                             :
            Foreign Proceeding.                     :
                                                    :
                                                    :
------------------------------------------------------x

## DECLARATION OF TAE SOO JUNG

I, Tae Soo Jung, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury under the laws of the United States, as follows:

1. I am an attorney licensed, and in good standing, to practice in Korea, I am a partner in the lawfirm of Lee & Ko, law firm in Korea. I am also a member of the New York State Bar. I am admitted to the New York State Bar in 2005, I have been practicing law in Korea for fifteen years (15) years. The focus of my practice in bankruptcy and corporate restructuring. I was educated in Korean law at Korea University. I graduated in 1992 with bachelor's degree in law and received an LL.M from law school of Washington University in Saint Louis in 2002. I have extensive experience with bankruptcy and corporate restructuring cases in Korea.

2. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge or learned from my review of relevant documents, or upon my opinion based upon my experience and knowledge. To the extent matters stated in this Declaration are statements of legal opinion, such statements represent my view of the law of Korea as a practicing Korean attorney.

3. I make this declaration in support of the petition that Jin Bang Lee and Byung Nam Choi, duly appointed receivers ("Receivers" or "Petitioners") of Korea Line Corporation ("KLC" or the "Foreign Debtor"), have filed in this Court pursuant to chapter 15 of title 11 of the United States Code (the "Bankruptcy Code") for recognition of the rehabilitation proceeding before the Seoul Central District Bankruptcy Court (4th Division) (the "Korean Court"), case number 2011 Hoe-Hap 14 (the "Korean Proceeding") pursuant to the Korean Debtor Rehabilitation and Bankruptcy Act ("DRBA").[1]

**Korean Insolvency Law**

4. Under Korean law, actions concerning insolvency and adjustment of debts are governed by the DRBA. Article 34 of the DRBA provides that the debtor company, a creditor or creditors holding claims aggregating ten percent (10%) or more of the company's paid-in capital, or shareholders holding ten percent (10%) or more of the company's total issued and outstanding shares, may file an application for commencement of a rehabilitation proceeding with respect to a debtor company if: (i) the debtor cannot repay its debts as they come due without significantly burdening its business operations; or (ii) there is a likelihood that an event that may cause the debtor to become insolvent may occur.

5. Upon commencement of the rehabilitation proceeding, creditors are prohibited from attaching properties of the debtor. DRBA Art. 58. para 1. All pending attachments by creditors on the properties of the debtor company are suspended. DRBA Art. 58. para 2.

6. Similarly, the Receivers are under a duty to take possession of, protect, realize and maintain all KLC assets, wherever located. This is because piecemeal or haphazard resolution of claims risks preferential treatment and inconsistent adjudications.

---

[1] A true copy of the official English DRBA is attached hereto as Exhibit 1.

7. Upon commencement of the rehabilitation proceeding, the court appoints a receiver. DRBA Art. 50. Usually, the court will appoint the existing management (*e.g.*, a representative director) of the debtor company to act as the receiver in the rehabilitation proceeding, although the court will appoint an independent receiver if: (i) the debtor company's directors or managers caused the debtor company's insolvency through concealment or misappropriation of the debtor company's property or committed gross negligence in mismanaging the debtor company, (ii) the debtor company's creditors' committee alleges a reasonable ground for appointing an independent receiver, or (iii) the appointment of an independent receiver is otherwise necessary to rehabilitate the debtor company. DRBA Art. 74. The court-appointed receiver is required to occupy, obtain, and manage the properties belonging to the debtor company upon court appointment. DRBA Art. 89. Generally, the rehabilitation receiver exercises discretion in managing and administering the debtor company's properties. *See* DRBA Arts. 56, 61, 89.

8. The creditors of a debtor subject to a rehabilitation proceeding are required to assert their claims in that proceeding. DRBA Arts. 147, 148. More specifically, upon the commencement of the rehabilitation proceeding, the receiver will prepare a list of claims. If a claim is correctly specified in such list, the creditor does not have to file a proof of claims. However, if the claim is not specified or is specified incorrectly, the creditor must file a proof of claim within the period of time designated by the court.

9. If the receiver does not accept a claim as filed by the creditor, the creditor must file a confirmatory action within one month from the date set by the court for the claim allowance procedure. Once a confirmatory action is filed, the court reviews the filing and gives its decision. Any party that objects to the court's decision may file an objection within one

month from receipt of the decision, following which the case is moved to the ordinary court and is reviewed in accordance with ordinary civil procedure.

10. The first interested parties' meeting is held within four (4) months from the commencement of the proceeding. At that meeting, the receiver presents a report including information on the financial condition of the company, its prospects for recovery and the status of the secured and unsecured claims against the company. Once the first interested parties' meeting is held, the court orders the submission of the draft rehabilitation plan.

11. After a draft of the plan is prepared and submitted to the court, the interested parties meet again to review the draft plan. The interested parties subsequently meet to vote on the rehabilitation plan.

12. A rehabilitation plan may call for rescheduling of the debtor's debt over a period not to exceed, in principle, 10 years, except when corporate debentures are issued pursuant to the rehabilitation plan. Any secured or unsecured rehabilitation claims that are not recognized under the court-approved rehabilitation plan will be irrevocably extinguished even if the rehabilitation proceeding is subsequently terminated. If payment under the court-approved rehabilitation plan has commenced, the court shall, upon petition by an interested party or *sua sponte*, terminate the rehabilitation proceedings early, unless there is an impediment to the implementation of the rehabilitation plan.

13. If the debtor company has completed its obligations under the rehabilitation proceeding or the court deems that the debtor company will perform its obligations without any problems, the court may terminate the rehabilitation proceeding with respect to the company, at which point the company will no longer be subject to the proceeding. However, if the rehabilitation proceeding is discontinued due to the company's failure to comply with the

rehabilitation plan and grounds for bankruptcy exist, the court must declare the company bankrupt and liquidate it.

14. The Korean Court exercises close supervision of Korean rehabilitations and court-appointed receivers. In practice, this means that key aspects of management, including the power to pay any class of creditors in full, the power to make a compromise or arrangement with creditors, the power to compromise debts and liabilities, the power to commence, continue, discontinue or defend a legal action, and the power to carry on the business of the company, are subject to Korean Court supervision and approval.

**The KLC Rehabilitation**

15. I am aware that KLC is a company organized under the laws of the Republic of Korea, with a registered address at 135-878 KLC Building 145-9 Samsung-dong, Gangam-gu, Seol, Korea. Since 1968, it has engaged in the marine transport and port logistics businesses. KLC has been a publicly listed company on the Korean Stock Exchange since 1992. KLC's operations are centered in Korea and the vast majority of its assets, shareholders, officers, directors, and employees are located in Korea, as are its Receivers.

16. KLC filed a petition for rehabilitation under the DRBA with the Korean Court on January 26, 2011. I am advised that the rehabilitation application represents the commencement of a foreign proceeding as defined in 11 U.S.C. §101(24). A copy of the petition together with a certified translation thereof is attached to the accompanying declaration of Jin Bang Lee (the "Lee Declaration") as Exhibit 1.

17. The Korean Court received the petition and issued a stay order prohibiting the attachment and execution of KLC's property on January 26, 2011 (the "Stay Order"). *See* Lee Declaration at Exhibit 2. Also on January 26, 2011, the Korean Court issued an asset

preservation order prohibiting the debtor from, *inter alia,* transferring KLC property and leasing assets (the "Preservation Order"). *Id.* at Exhibit 3.

18. On February 15, 2011, the Korean Court issued an order commencing the rehabilitation proceeding with respect to KLC (the "Commencement Order") and appointing Mr. Jin Bang Lee (as representative director) and Byung Nam Choi (third party) as receivers of KLC. The Commencement Order also sets forth dates for the reporting and investigation of claims, schedules the first meeting of interested parties (*i.e.* creditors) for June 3, 2011 at the Korean Court, and describes some of the facts and circumstances underlying the KLC rehabilitation. See Lee Declaration, Exhibit 4.

## Qualifications for Recognition

19. I am aware of the meaning of "foreign proceeding" as defined in 11 U.S.C. 101(23) of the Bankruptcy Code. I am advised by U.S. counsel and believe that the Korean Proceeding qualifies as such because the Korean Proceeding is a judicial proceeding under the supervision of the Korean Court in which the rights of creditors and stake-holders will be determined together, pursuant to the DRBA, which is a law relating to insolvency and adjustment of debts.

20. I also am aware of the definition of "foreign representative" provided for in 11 U.S.C. § 101(24) of the Bankruptcy Code. I am advised by U.S. counsel and believe that the Receivers qualify as such, because they are duly authorized and empowered by the Korean Court to oversee the rehabilitation of KLC's assets and affairs, as well as to act as duly authorized representatives of the Korean Proceeding internationally.

21. I know that "foreign court" is defined in Section 1502 of the Bankruptcy Code as "a judicial or other authority competent to control or supervise a foreign proceeding." I submit

6

that the Korean Court qualifies as a "foreign court." As noted above, the Korean Court exercises direct control over the Korean Proceeding.

22. Finally, I am aware of the requirements for recognition as a foreign main and non-main proceeding under Section 1517(b)(1) and (2) of the Bankruptcy Code. I believe that the Korean Proceeding qualifies as a main proceeding, and that Korea is KLC's center of main interests ("COMI").

23. As noted above, KLC was formed under the laws of Korea, and maintains its registered office there. I am advised that under U.S. law, these facts trigger a statutory presumption that Korea is KLC's COMI.

24. The circumstances also clearly indicate that Korea is KLC's COMI. For example, KLC's primary offices, directors and officers, employees and assets are all in Korea. Additionally, KLC is listed as a publicly traded company on the Korean Stock exchange. I further believe that all of KLC's creditors and counterparties would have been aware that they were dealing with a Korean company.

For the foregoing reasons, I respectfully request that the Receivers' petition for recognition of the Korean Proceeding pursuant to chapter 15 of the Bankruptcy Code be granted.

Dated: February 21, 2011.

Tae Soo Jung

#10129912_v1

7