UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
                                          :
In re:                                              :         Chapter 15
                                               :
KOREA LINE CORPORATION,               :         Case No. 11-10789 (REG)
                                               :
                 Debtor in a                        :
                 Foreign Proceeding.             :
                                               :
                                               :
---------------------------------------------------------x

## ORDER GRANTING LIMITED RELIEF FROM TRO

       WHEREAS, on January 26, 2011, Korea Line Corporation ("KLC") filed an application for rehabilitation with the Seoul Central District Bankruptcy Court in Korea under the Korean Debtor Rehabilitation and Bankruptcy Act (the "Korean Proceeding"); and

       WHEREAS, the Korean Court received the petition, appointed Jin Bang Lee and Byung Nam Choi, duly appointed receivers ("Receivers") of KLC and issued a stay order prohibiting the attachment and execution of KLC's property on January 26, 2011; and

       WHEREAS, on February 15, 2011, the Korean Court issued an order commencing the rehabilitation proceeding with respect to KLC; and

       WHEREAS, on February 25, 2011, KLC filed its Verified Petition for recognition of the Korean Proceeding under chapter 15 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court");

      and ("KLC"), by their respective attorneys, states as follows:

       WHEREAS on February 11, 2011, World Fuel Services (Singapore) Pte Ltd. ("World Fuel"), commenced the action styled *World Fuel Services (Singapore) Pte. Ltd. v. Korea Line Corp., et al.*, No. 11-cv-01334 (MMM) (MAN) (C.D.Cal.), and on February 24, 2011, Byatt

International S.A. ("Byatt") and Yanam Services S.A. ("Yanam") commenced the related action *Byatt International S.A. et al. v. Korea Line Corp., et al.*, No. 11-cv-1632 (MMM) (MAN) (C.D. Cal.) (collectively referred to as the "Actions") in the United States Court for the Central District of California (the "California Court"); and

WHEREAS, on February 11, 2011, World Fuel obtained a Writ of Attachment and Garnishment (the "World Fuel Attachment") pursuant to Supplemental Admiralty Rule B, Federal Rules of Civil Procedure from the California Court as security for its claim against KLC; and

WHEREAS, pursuant to the World Fuel Attachment, on February 12, 2011, certain bunkers, fuel oil and diesel oil (collectively the "Attached Bunkers") were attached on board the KLC chartered vessel M/V NEW HORIZON, and since then the vessel has remained within the jurisdiction of the California Court; and

WHEREAS, on February 25, 2011, Byatt and Yanam obtained a Writ of Attachment and Garnishment pursuant to Supplemental Admiralty Rule B, Federal Rules of Civil Procedure, in order to obtain security for their claims against KLC (the "Byatt/Yanam Attachment" and together with the World Fuel Attachment, the "Attachments"); and

WHEREAS, pursuant to the Byatt/Yanam Writ of Attachment, on February 25, 2011, the Attached Bunkers onboard the M/V NEW HORIZON were further attached; and

WHEREAS, on February 28, 2011, this Court issued a Temporary Restraining Order ("TRO") which, *inter alia*, temporarily stays the Actions; and

WHEREAS, there is no KLC property onboard the M/V NEW HORIZON other that the Attached Bunkers and the M/V NEW HORIZON is not the property of KLC. The M/V NEW HORIZON is however, currently under charter by KLC and loaded with cargo. But for the

attachment by plaintiffs of the Attached Bunkers, the vessel was prepared to and remains ready to set sail, deliver the cargo and continue her employment in international seaborne trade; and

WHEREAS the Receivers' efforts to conduct the Korean Proceeding, maintain cash-flow, avoid cancellation of charter contracts by continuing to perform under existing charters and preserve assets of the estate will be prejudiced if the M/V NEW HORIZON is required to remain in the jurisdiction of the California Court until all issues regarding the Attachments and the claims of World Fuel, Byatt and Yanam against KLC are resolved; and

WHEREAS, for the sole purpose of providing security to permit the release of the Attached Bunkers on the M/V NEW HORIZON and to permit the M/V NEW HORIZON to leave the jurisdiction of the California Court, the Receivers have agreed to deposit Seven Hundred and Six Thousand United States Dollars ($706,000) or such other amount as is ordered by the California Court in the registry of the California Court in readily available funds (the "Court Registry Funds"), or to remove the Attached Bunkers from the M/V NEW HORIZON, or to take other reasonable and/or necessary actions agreed to by the parties for the preservation Plaintiff's pre-judgment security and to cause the M/V NEW HORIZON to immediately continue with her voyage; and

WHEREAS, the Receivers' agreement to make the Court Registry Deposit or to remove the Attached Bunkers or take other action, is made without prejudice to their right to assert any claims, defenses, legal or factual arguments regarding the propriety of the Attachments or any of the Attaching Plaintiffs' claims against KLC.

NOW THEREFORE, the Court hereby ORDERS, as follows:

1. The TRO is hereby lifted solely for the purpose of authorizing, but not directing the Receivers on behalf of KLC to deposit the Court Registry Funds with the Clerk of the California

Court for deposit in the registry of that Court, to remove the Attached Bunkers, or take such other steps as may be agreed to, so as to provide substitute security for the claims of World Fuel, Byatt and Yanam ("Substitute Security").

2. Any Substitute Security that is provided will be held pending further order of the Bankruptcy Court or the California Court, as appropriate.

3. Upon provision of the Substitute Security, World Fuel, Byatt and Yanam are directed to immediately release their Attachments of the Attached Bunkers on board the M/V NEW HORIZON and instruct the U.S. Marshal to release the Attachments of the Attached Bunkers in accordance herewith.

4. While this Chapter 15 case is pending, the Bankruptcy Court shall have and retain jurisdiction over the disposition of the Substitute Security, any and all rights by any party to the substitute security and all disputes arising out of this Order.

Dated: March *3*, 2011

                                        SO ORDERED:

                                        *s/ Robert E. Gerber*
                                        ROBERT E. GERBER
                                        UNITED STATES BANKRUPTCY JUDGE