UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
                                                    :
In re:                                  :         Chapter 15
                                           :         Case No. 11-10789 (REG)
KOREA LINE CORPORATION,  :
                                           :
         Debtor in a                :
         Foreign proceeding.  :
                                           :
------------------------------------------------------x

## BANCA ANTONVENETA AND ITS SUCCESSORS AND ASSIGNS' RESPONSE AND LIMITED OBJECTION TO PETITION FOR PROVISIONAL RELIEF

**COMES NOW**, Banca Antonveneta and its Successors and Assigns (hereinafter "BAV"), and respectfully submits this Memorandum of Law in response and limited objection to the application for provisional relief of Jin Bang Lee and Byung Nam Choi, duly appointed receivers (hereinafter "Receivers" or "Petitioners") of Korea Line Corporation (hereinafter "KLC"). This objection is respectfully submitted pursuant to ¶ 8 of this Honorable Court's Order to Show Cause dated February 28, 2011. For the reasons more fully set forth below, BAV respectfully submits that the automatic stay requested by Petitioners should be denied with respect to the matter captioned *Glory Wealth Shipping et al. v. Peninsula Enterprise et al.*, 09-cv-02585 (TBM) (M.D. Fla.), currently pending in the Middle District of Florida – Tampa Division (hereinafter "the Tampa proceedings").

### FACTS AND PROCEDURAL HISTORY

The Tampa proceedings were commenced on or about December 22, 2009, by the filing of a Verified Complaint by plaintiff Glory Wealth Shipping Pte. Ltd. (hereinafter "Glory Wealth") against Peninsula Enterprise, S.P.A. and Peninsula Shipping & Trading SRL, seeking an Order Directing Issuance of Process of Attachment and Garnishment against the vessel M/V MARIANO LAURO. Shortly after the commencement of the Tampa proceedings, on February

3, 2010, plaintiff Compass Rose Shipping, Ltd. filed a Verified Complaint against the Defendants M/V MARIANO LAURO, *in rem*, and Peninsula Shipping, *in personam*, seeking a writ of attachment and a warrant of arrest against the M/V MARIANO LAURO. The action was captioned *Compass Rose Shipping, Ltd. v. M/V MARIANO LAURO*, M.D. Fl. Docket No. 8:10-cv-00369-JSM-TBM (hereinafter "the Compass Rose action"). Pursuant to the arrest warrant and order of maritime attachment issued by Magistrate Judge McCoun in the Compass Rose action, the M/V MARIANO LAURO was arrested/attached on February 4, 2010. The Compass Rose action was consolidated with the Tampa proceedings on or about April 6, 2010.

Following the arrest/attachment of the M/V MARIANO LAURO, numerous parties moved to intervene in the Tampa proceedings, including but not limited to KLC (who alleged breach of contract claims in the amount of USD 110,356.94 against the *in personam* defendants) and BAV, who asserted a first preferred mortgage lien on the M/V MARIANO LAURO in the amount of USD 10,380,755.73. The M/V MARIANO LAURO was sold at auction on June 23, 2010 for the purchase price of USD 4,800,000.00. The proceeds of the sale of the vessel were placed in the Registry of the Court. Numerous undisputed claims were resolved through mediation and, following the payment of these claims and other Court-ordered expenses, approximately USD 3,577,844.04 remains in the Registry of the Court. In addition to BAV and KLC's claims, two (2) additional claimants are asserting an interest in the proceeds of the M/V MARIANO LAURO: Glory Wealth (who has obtained a Florida judgment in the amount of USD 4,469,745.86), and Exuma Navigation Company (who has asserted a claim in the amount of USD 1,726,807.09). Discovery is ongoing in the Tampa proceedings.

# ARGUMENT

## TO THE EXTENT THIS COURT IS INCLINED TO GRANT THE RELIEF REQUESTED IN THE PETITION, THE AUTOMATIC STAY SHOULD NOT APPLY TO THE TAMPA PROCEEDINGS

The February 23, 2011 Verified Petition for Recognition of Foreign Insolvency Proceeding and Application for Related Provisional Relief requests, *inter alia*, that this Court issue an Order provisionally staying any U.S. actions in which KLC's property was attached; in which KLC is a plaintiff; or in which KLC's property has not been attached (collectively referred to in the Petition as the "U.S. Actions"). BAV respectfully submits that, to the extent this Honorable Court grants the relief requested in the Verified Petition, the Tampa proceedings should be excluded from the automatic stay.

The Second Circuit Court of Appeals has concluded that a district court has the authority to determine whether an automatic stay applies to a claim that is otherwise within the jurisdiction of the court. *See In re Baldwin-United Corp. Litigation*, 765 F.2d 343, 346 (2d Cir. N.Y. 1985). 11 U.S.C. § 362(a) sets forth the enumerated actions which are automatically stayed by the filing of a bankruptcy petition. *See* 11 U.S.C. § 362(a).

Specifically, the circumstances wherein an automatic stay applies are all actions "against the debtor" or "against the property of the estate." The scope of the automatic stay is broad, however, "it does not operate to stay all actions involving the bankrupt. The reach of the automatic stay is limited by its purposes." *See Price & Pierce International, Inc. v. Spicers International Paper Sales, Inc.*, 50 B.R. 25, 26 (S.D.N.Y. 1985). Judge Keenan has determined that one of the principal purposes of the automatic stay is "to preserve what remains of the debtor's insolvent estate and to provide a systematic and equitable liquidation procedure for all creditors, secured and unsecured." *Id.* (*citing In re Frigitemp Corp.*, 8 B.R. 284, 289 (S.D.N.Y.

1981). The automatic stay applies to actions against the property of the debtor and the bankruptcy estate. The Second Circuit has held that for an automatic stay to be implemented, "there must be some evidence that a judgment which might result from the pending action 'would *inevitably* have an adverse impact on property of the bankrupt estate.'" *See Teichthesen v. Eagle Indus., Inc.*, 1993 U.S. Dist. LEXIS 10900 (N.D.N.Y Aug. 4, 1993) (*citing In re Prudential Lines*, 928 F.2d 565 (2d Cir. 1991)).

The Tampa proceedings do not involve a claim against the debtor or the debtor's bankruptcy estate, nor do they fall within any of the categories contained in 11 U.S.C. § 362(a). Rather, the Tampa proceedings involve four (4) parties' competing claims to the proceeds of the sale of a vessel which was owned by a debtor that is not a party to the instant proceeding. KLC's own claim is for only 110,356.94 – a mere 3% of the vessel sale proceeds currently at issue in the Tampa proceedings. Moreover, BAV has filed a Motion for Summary Judgment in the Tampa proceedings with regard to the priority of its own first preferred mortgage lien under the Ship Mortgage Act of 1920 which, if granted, would preclude payment of <u>any</u> of the proceeds from the sale of the M/V MARIANO LAURO to KLC for its lower ranked claim.

In short, BAV respectfully submits that applying an automatic stay to the Tampa proceedings is not appropriate given the facts of that matter.

## CONCLUSION

WHEREFORE, for the reasons more fully set forth above, to the extent the Court is inclined to grant KLC the provisional relief requested in its Petition, BAV respectfully submits that this Honorable Court should issue an order exempting the Tampa proceedings (*Glory Wealth Shipping et al. v. Peninsula Enterprise et al.*, 09-cv-02585 (TBM) (M.D. Fla.)) from the automatic stay.

Date: Oyster Bay, New York
March 10, 2011

Respectfully submitted,

**CHALOS & CO, P.C.**

By: <u>/s/ *George M. Chalos*</u>
George M. Chalos (GC-8693)
123 South Street
Oyster Bay, New York 11771
Tel: 516-714-4300
Fax: 516-750-9051
gmc@chaloslaw.com
*Attorneys for Banca Antonveneta, S.P.A. and its Successors and Assigns*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 10, 2011, I electronically filed the foregoing Response and Limited Objection to Petition for Provisional Relief with the Clerk of the Court using the CM/ECF system, which will transmit a true and correct copy to all counsel of record.

<u>/s/ George M. Chalos</u>
George M. Chalos