UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

KOREA LINE CORPORATION,

        Debtor in a Foreign Proceeding.

Chapter 15

Case No. 11-10789 (REG)

### STIPULATION AND ORDER GRANTING RELIEF FROM CHAPTER 15 STAY

**WHEREAS**, on February 25, 2011 (the **"Petition Date"**), Jin Bang Lee and Byung Nam Choi, the Korean receivers of Korea Line Corporation (**"KLC"** or the **"Debtor"**) in its Korean rehabilitation proceeding (the **"Korean Proceeding"**), acting as the foreign representatives of KLC (the **"Petitioners"**), filed in this Court the Debtor's Verified Petition for Recognition of Foreign Insolvency Proceeding and Application for Related Provisional Relief Pursuant to Sections 1504, 1507, 1509, 1515, 1517, 1519, 1520 and 1521 of the Bankruptcy Code (the **"Chapter 15 Petition"**; [Dkt. No. 1]);

**WHEREAS,** pending this Court's entry of an order granting recognition of the Korean Proceeding, the Petitioners sought provisional relief pursuant to Sections 105(a) and 1519 of the Bankruptcy Code, such that, among other things, all persons would be prohibited from commencing or continuing any litigation or any other proceeding, or taking any actions against, the Petitioners, KLC or KLC's assets;

**WHEREAS**, on March 21, 2011, this Court entered that Order Granting Provisional Relief Pending Hearing on Petition for Recognition as a Foreign Main Proceeding

Pursuant to 11 U.S.C. §§ 105(a), 1504, 1515, 1517, and 1519 (the **"Provisional Relief Order"**; [Dkt. No. 29]);

**WHEREAS**, by motion, dated April 4, 2011 (the **"Motion"**; [Dkt. No. 33]), pursuant to 11 U.S.C. §1522 (a) and (c) and the Order Granting Provisional Relief Pending Hearing on Petition for Recognition as a Foreign Main Proceeding Pursuant to 11 U.S.C. §§105(a), 1504, 1515, 1517, and 1519, Nordea Bank Finland PLC, Singapore Branch (**"Nordea"**) sought to obtain relief from the Provisional Relief Order insofar as it prohibits action against the Vessels (as defined below) owned by Korea Line (Singapore) Pte. Ltd (**"KLS"**), a non-debtor subsidiary of KLC**,** and KLS**,** as more fully described in the Motion;

**WHEREAS**, by Limited Objection and Joinder to the Motion, dated April 4, 2011 (the **"Joinder"**; [Dkt. No. 46]), Valerie Shipping Inc. ("**Valerie**") sought to join in the relief sought in the Motion to obtain relief from the Provisional Relief Order insofar as it prohibits action by Valerie against the Vessels and KLS**,** as more fully described in the Joinder;

**WHEREAS,** to avoid the expense and delay of a hearing on the Motion and Joinder, the Debtor has agreed that the Provisional Relief Order (and any subsequently imposed stay in the Chapter 15 case) shall be modified to permit any party to pursue any and all actions against the Vessels and KLS;

**NOW, THEREFORE**, the parties, intending to be legally bound, hereby agree as follows, subject only to approval by the United States Bankruptcy Court for the Southern District of New York:

1. The Provisional Relief Order, as well as any subsequent relief granted to the Petitioners pursuant to 11 U.S.C. §§1520 or 1521 or otherwise, shall be and hereby is,

modified solely to permit any party to pursue any and all actions against the vessels M/T BLUE JADE, IMO Number 9419735 (the **"Blue Jade"**) and M/T BLUE EMERALD, IMO Number 9149723 (the **"Blue Emerald"** and, together with the Blue Jade, the **"Vessels"**) and KLS; provided that no claim shall be pursued by any party against KLC in such actions; and

      2.      Without limiting the foregoing, Nordea and Valerie are free to enforce their rights and exercise all their remedies against the Vessels and KLS, including (a) in the Blue Emerald in the Texas Proceeding (as defined in the Motion) or any other similar proceeding that may be brought, (b) in the Blue Jade in the California Proceeding (as defined in the Motion) or any other similar proceeding that may be brought, and (c) to take such other steps as are necessary to enforce or protect their rights, in the case of Nordea, under the Loan Agreement, the Vessel Mortgages (as such terms are defined in the Motion) and all other documents related thereto, and, in the case of Valerie, under its agreements with KLS; and

[See Next Page]

3. The Court shall retain jurisdiction with respect to any dispute arising from or relating to the implementation of this Stipulation and Order.

Agreed to and accepted this ___ day of April 2011.

| **THE PETITIONERS OF KOREA LINE CORPORATION** | **NORDEA BANK FINLAND PLC, SINGAPORE BRANCH** |
|---|---|
| /s/ James H. Power_____<br>James H. Power<br>Holland & Knight LLP<br>31 West 52ND Street<br>New York, NY 10019<br>(212) 513-3200<br>(212) 385-9010 (facsimile)<br>Email: james.power@hklaw.com<br><br>*Attorneys for Jin Bang Lee and Byung Nam Choi, as Receivers of Korea Line Corporation* | **/s/ John R. Ashmead_____**<br>John R. Ashmead<br>Seward & Kissel LLP<br>One Battery Park Plaza<br>New York, NY 10004<br>(212) 574-1200<br>(212) 480-8421 (facsimile)<br>Email: ashmead@sewkis.com<br><br>*Attorneys for Nordea Bank Finland PLC, Singapore Branch, as Agent and Security Agent* |

**VALERIE SHIPPING INC.**

**/s/ Jeremy J.O. Harwood_____**
Jeremy J.O. Harwood
Blank Rome LLP
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-0208
(212)885-5149
(917)332-3720 (facsimile)
jharwood@blankrome.com

*Attorneys for Valerie Shipping Inc.*

**It is So Ordered this *8th* day of April 2011.**

                                              *s/ Robert E. Gerber*_____
                                              HONORABLE ROBERT E. GERBER
                                              UNITED STATES BANKRUPTCY JUDGE