UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
                                          :

In re:                                  :      Chapter 15
                                            :

KOREA LINE CORPORATION,    :      Case No. 11-10789 (REG)
                                            :

                 Debtor in a       :
                 Foreign Proceeding.  :
                                            :
                                            :
-----------------------------------------------------------x

## SUPPLEMENTAL DISCLOSURES OF FOREIGN PROCEEDINGS
## PURSUANT TO 11 U.S.C. 1518

        Korea Line is a company undergoing rehabilitation before the Seoul Central District Bankruptcy Court (4th Division) (the **"Korean Court"**), case number 2011 Hoe-Hap 14 (the **"Korean Proceeding"**) pursuant to the Korean Debtor Rehabilitation and Bankruptcy Act ("DRBA").

        This Court held a hearing on April 14, 2011 (the **"Hearing"**) to consider the Verified Petition and Official Form Petition (collectively, the **"Petition"**) of Jin Bang Lee and Byung Nam Choi, duly appointed receivers (**"Receivers"** or **"Petitioners"**) of Korea Line Corporation (**"Korea Line"** or the **"Foreign Debtor"**) for entry of an order of recognition pursuant to chapter 15 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the **"Bankruptcy Code"**). At the Hearing, this Court recognized the Korean Proceeding as a foreign main proceeding.

        Pursuant to the requirements of 11 U.S.C. 1518, the Receivers formally notify this Court that courts in Australia, Canada, Singapore, England, Japan, New Zealand, Japan, Singapore and South Africa have similarly entered orders recognizing the Korean Proceeding as a foreign main proceeding (collectively, the **"Foreign Recognition Orders"**). Copies of the respective Foreign Recognition Orders are attached hereto as Exhibits A-G.

Petitioners will continue to notify the Court of any relevant orders and events in the Korean Proceeding, as well any foreign recognition proceedings that have or will be filed.

Dated: New York, New York
April 26, 2011

By:  /S JAMES H. POWER

James H. Power, Esq.
Barbra R. Parlin, Esq.
Warren E. Gluck, Esq.
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, New York 10019
Telephone:  212-513-3200
Telefax: 212-385-9010
Email:  james.power@hklaw.com
          barbra.parlin@hklaw.com
          warren.gluck@hklaw.com

# EXHIBIT A

**FORM 47**

IN THE FEDERAL COURT OF AUSTRALIA

VICTORIA DISTRICT REGISTRY

No   VID138 of 2011

IN THE MATTER OF **KOREA LINE CORPORATION**

**JIN BANG LEE and BYUNG NAM CHOI** in their capacities as the Foreign
Representatives of

**KOREA LINE CORPORATION**

Plaintiffs

**KOREA LINE CORPORATION**

Defendant

**ORDER**

(Order 36, rule 4)

Judge:            Justice Middleton

Date of order:    8 April 2011

Where made:       Melbourne

**THE COURT ORDERS THAT:**

1        Pursuant to clause 1 of article 17 of Schedule 1 of the *Cross-Border Insolvency*

*Act 2008* (Cth) (**the Act**), the proceeding of *Case 2011 Hoe-Hap 14*,

Rehabilitation in the Fourth Bankruptcy Division of the Seoul Central District

Court (**Foreign Proceeding**), by which the Plaintiffs were appointed receiver

over the Defendant on 15 February 2011, be and is hereby recognised as a

---

Filed on behalf of the Plaintiff by:
**DLA Phillips Fox**                    DX:    147 Melbourne
Lawyers                                 Tel:   (03) 9274 5000
140 William Street                      Fax:   (03) 9274 5111
Melbourne VIC 3000                      Ref:   GRK01: 0506295

'foreign proceeding' within the meaning of paragraph (a) of article 2 of Schedule 1 of the Act.

2       Pursuant to clause 2 of article 17 of Schedule of the Act, the Foreign Proceeding be and is hereby recognised as a 'foreign main proceeding' of the Defendant within the meaning of paragraph (b) of article 2 of Schedule 1 of the Act.

3       Pursuant to article 21 of Schedule 1 of the Act, except with the leave of this court or the Plaintiff's written consent:

   3.1     No person may enforce a charge on the property of the Defendant.

   3.2     If:

           3.2.1    property of the defendant is subject to a lien or pledge; and

           3.2.2    property of the defendant is in the lawful possession of the holder of the lien or pledge;

           then the holder of the lien or pledge

           3.2.3    may continue to possess the property; and

           3.2.4    cannot sell the property or otherwise enforce the lien or pledge.

   3.3     The owner or lessor of property that is used or occupied by, or in the possession of, the defendant, cannot take possession of the property or otherwise recover it.

   3.4     A proceeding in any court against the defendant, or in relation to any of its property, cannot be begun or proceeded with.

   3.5     No enforcement process in relation to property of the defendant can be begun or proceeded with.

4       In respect of rule 15A.7(1) of the Federal Court (Corporations) Rules 2000, and pursuant to rule 1.8, the Plaintiffs are directed to:

4.1 Publish a notice of the making of this order in accordance with Form 21 in a daily newspaper circulating generally in Australia;

4.2 Send a notice of the making of this order in accordance with Form 21 to each Australian creditor of the Defendant known to the Plaintiffs; and

4.3 Send a notice of the making of this order in accordance with Form 21 to each person resident in Australia or each company incorporated in Australia that owns any property which is presently in the possession of the Plaintiffs.

5 Liberty to any person to apply to the Court in respect of order 3.

. . . . . . . . . . . . . . . . . . . . . . . . . .
**District Registrar**

Date that entry is stamped:

# EXHIBIT B



SUPREME COURT
OF BRITISH COLUMBIA
VANCOUVER REGISTRY

MAR 0 2 2011

ENTERED

SUPREME COURT
OF BRITISH COLUMBIA
VANCOUVER REGISTRY

MAR 4 2011

No. S111275
Vancouver Registry

IN THE SUPREME COURT OF BRITISH COLUMBIA

IN THE MATTER OF PART IV OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT, R.S.C.* 1985 c. C-36

AND IN THE MATTER OF THE FOREIGN MAIN PROCEEDINGS WITH RESPECT TO KOREA LINE CORPORATION

ORDER MADE AFTER APPLICATION

| | | | |
|---|---|---|---|
| BEFORE | ) ) ) ) ) | THE HONOURABLE JUSTICE BURNYEAT ) ) ) ) ) | March 2, 2011 |

ON THE APPLICATION OF Jin Bang Lee without notice coming on for hearing at Vancouver on March 2, 2011 and on hearing Vicki Tickle, counsel for the Petitioner, Jin Bang Lee

THIS COURT ORDERS that, pursuant to Part IV of the *Companies' Creditors Arrangement Act*, 1985, c. C-36:

1.  The proceedings in respect of Korea Line Corporation ("KLC") commenced in the Seoul Central District Court, Bankruptcy Court (Fourth Division), Republic of Korea (the "Korean Court") on February 15, 2011 under Case No. 2011 Hoe-Hap 14 (Rehabilitation) (the "Korean Proceedings") are hereby recognized.

2.  The Korean Proceedings are foreign main proceedings.

3.  Until otherwise ordered by this Court:

    (a)  all proceedings taken or that might be taken against KLC under the *Bankruptcy and Insolvency Act* or the *Winding-Up and Restructuring Act*, be and are hereby stayed;

    (b)  further proceedings in any action, suit or proceeding against KLC be and are hereby restrained; and

    (c)  the commencement of any action, suit or proceeding against KLC be and is hereby prohibited.

4. KLC be and is hereby prohibited from selling or otherwise disposing of, outside the ordinary course of its business, any of KLC's property in Canada that relates to the business, and that KLC be and is hereby prohibited from selling or otherwise disposing of any of its other property in Canada.

5. Notwithstanding section 53(b) of the *Companies' Creditors Arrangement Act,* the Petitioner shall not be required to publish any notice of this Order, provided that the Petitioner delivers to Hanwa Co. Ltd. by mail and facsimile a copy of this Order and the Recognition Order.

THE FOLLOWING PARTIES APPROVE THE FORM OF THIS ORDER:

_____
Signature of Vicki Tickle
Lawyer for the Petitioner, Jin Bang Lee

BY THE COURT

_____
REGISTRAR

Certified a true copy according to
the records of the Supreme Court
at Vancouver, B.C.

This ___ day of MARCH 20 __

_____
Authorized Signing Officer

No. S111275
Vancouver Registry

IN THE SUPREME COURT OF BRITISH COLUMBIA

**IN THE MATTER OF PART IV OF THE *COMPANIES'***
***CREDITORS ARRANGEMENT ACT, R.S.C.* 1985 c. C-36**

**AND IN THE MATTER OF THE FOREIGN MAIN**
**PROCEEDINGS WITH RESPECT TO**
**KOREA LINE CORPORATION**

---

**ORDER MADE AFTER APPLICATION**

---

**FASKEN MARTINEAU DuMOULIN LLP**
Barristers & Solicitors
2900 - 550 Burrard Street
Vancouver, B.C., V6C 0A3
604 631 3131

Counsel: Vicki Tickle
Matter No: 286778.1

# EXHIBIT C

IN THE HIGH COURT OF JUSTICE

CHANCERY DIVISION

COMPANIES COURT



BEFORE MR JUSTICE NORRIS

DATED FRIDAY 25 FEBRUARY 2011

IN THE MATTER OF KOREA LINE CORPORATION

AND IN THE MATTER OF THE CROSS-BORDER INSOLVENCY

REGULATIONS 2006

---

### ORDER

---

UPON THE APPLICATION of Korea Line Corporation ("**the Company**") and Jin Bang Lee and Byung Nam Choi ("**the Foreign Representatives**") (together "**the Applicants**") dated    February 2011

**AND UPON READING** the evidence

**AND UPON HEARING** Counsel for the Applicants

**IT IS ORDERED** that:

1.    The rehabilitation proceeding in respect of the Company in the Republic of Korea pursuant to the Debtor Rehabilitation & Bankruptcy Act is hereby recognised as a foreign main proceeding in accordance with the UNCITRAL Model Law on cross-border insolvency as set out in Schedule 1 to the Cross-Border Insolvency Regulations 2006 (S.I. 2006 No 1030) ("**the Model Law**").

2. Pursuant to Articles 20(6) and 21(1)(g) of the Model Law, the stay and suspension in Article 20(1) of the Model Law is modified as follows and additional relief is granted in the following terms:

(1) no step may be taken to enforce any security (as defined by Article 2(n)(i) of the Model Law) over the Company's property except with the consent of the Foreign Representatives or the permission of the Court;

(2) no step may be taken to repossess goods in the Company's possession under a hire-purchase agreement (as defined in paragraph 111(1) of Schedule B1 to the Insolvency Act 1986) except with the consent of the Foreign Representatives or the permission of the Court;

(3) no legal process (including legal proceedings, execution, distress and diligence) may be instituted or continued against the Company or its property except with the consent of the Foreign Representatives or the permission of the Court;

(4) an administrative receiver (as defined in paragraph 111(1) of Schedule B1 to the Insolvency Act 1986) of the Company may not be appointed; and

(5) no winding up petition may be presented except with the consent of the Foreign Representatives or the permission of the Court, and no order may be made for the winding up of the Company (save as identified by paragraph 42(4) of Schedule B1 to the Insolvency Act 1986, and paragraph 42(5) of Schedule B1 to the Insolvency Act 1986 shall apply in respect of the Company).

4. For the avoidance of doubt, this Order applies only in Great Britain and does not have extra-territorial effect.

Dated this 25th day of February 2011

IN THE HIGH COURT OF JUSTICE

CHANCERY DIVISION

COMPANIES COURT

BEFORE MR JUSTICE NORRIS

DATED FRIDAY 25 FEBRUARY 2011

IN THE MATTER OF

KOREA LINE CORPORATION

AND IN THE MATTER OF THE CROSS-

BORDER INSOLVENCY REGULATIONS 2006

---

**ORDER**

---

**DLA Piper UK LLP**

3 Noble Street

London EC2V 7EE

T: +44 (0) 8700 111 111

F: +44 (0) 20 7796 6666

Applicants' solicitors



**EXHIBIT D**

平成23年（承）第1号　承認援助事件

決　　　　　定

当事者等の表示　　別紙当事者等目録記載のとおり

主　　　　　文

1　債務者について大韓民国ソウル中央裁判所において平成23年2月15日に
開始された大韓民国の債務者回復及び破産に関する法律における回復手続（同
裁判所事件番号2011フェハプ14回復）を承認する。

2　債務者の日本国内における業務及び財産に関し，承認管財人による管理を命
ずる。承認管財人に次の者を選任する。

　　　大韓民国ソウル特別市瑞草区瑞草洞1642－14　瑞草ロッテキャッスル
　　　84

　　　　　イ・ジンバン

　　　大韓民国高陽市一山東区白石洞1151－8

　　　　　チェ・ビョンナム

3　すべての債権者は，債務者の財産に対する強制執行，仮差押え又は仮処分の
手続（ただし，第1項で承認の決定をした外国倒産手続において弁済が禁止さ
れていない債権に基づくものを除く。）をしてはならない。

理　　　　　由

　証拠によれば，債務者には，外国倒産処理手続の承認援助に関する法律17条1
項所定の事由があると認められ，かつ，当該外国倒産処理手続開始の判断がされて
いるところ，同法21条，57条1項及び62条1項に該当する事由があるとは認
められない。

　よって，本件申立ては理由があるから，同法22条1項に基づき主文第1項のと
おり決定し，併せて，同法32条1項，2項に基づき主文第2項，同法28条1項
に基づき主文第3項のとおり決定する。

　平成23年2月28日午後5時

1

東京地方裁判所民事第8部

　　　　裁判長裁判官　　　大　　門　　　　　　匡

　　　　裁判官　　　福　　井　　章　　代

　　　　裁判官　　　馬　　場　　　　潤

　　　　　上記は謄本である。
　　　　　同　日　同　庁
　　　　裁判所書記官　　橋本世津子

当事者等目録

大韓民国ソウル特別市江南区三成洞１４５－９　大韓海運ビル

債　　務　　者　　　大韓海運株式会社

同代表者共同管理人　　イ・ジンバン

同　　　　　　　　　　チェ・ビョンナム

大韓民国ソウル特別市瑞草区瑞草洞１６４２－１４　瑞草ロッテキャッスル
８４

申立人（債務者外国管財人）　　イ・ジンバン

大韓民国高陽市一山東区白石洞１１５１－８

同　　　　　　　　　　チェ・ビョンナム

上記両名代理人弁護士　　石　田　英　遠

同　　　　　　　　　　前　山　信　之

同　　　　　　　　　　浅　井　孝　夫

同　　　　　　　　　　濱　本　浩　平

# EXHIBIT E

In the High Court of New Zealand
Auckland Registry
CIV-2011-404-1315

| | |
|---|---|
| **Under** | the Insolvency (Cross-Border) Act 2006 |
| **And** | |
| **In the matter of** | recognition of an Order dated 15 February 2011 of the Seoul Central District Court as a foreign main proceeding |
| **Between** | **Jin Bang Lee** and **Byung Nam Choi**, joint receivers of 145-9 Korea Line Corporation Building, Samsung-dong, Kangnam-ku, Seoul, Korea |
| | **Applicants** |
| **And** | **Korea Line Corporation**, a duly incorporated company under the laws of Korea and having its registered office at 135-878 Korea Line Corporation Building, 145-9 Samsung-dong, Kangnam-ku, Seoul, Korea |
| | **Respondent** |

---

**Order**

**Date:** 14 March 2011

---





209 Queen Street, Auckland 1010
PO Box 160, Auckland 1140
DX CP24027 Auckland
Tel +64 9 303 2019
Fax +64 9 303 2311

DLA PHILLIPS FOX

| | | | |
|---|---|---|---|
| Solicitor on the record | G S Macdonald | grant.macdonald@dlaphillipsfox.com | Tel +64 9 300 3896 |
| Contact solicitor | N A Beadle | neil.beadle@dlaphillipsfox.com | Tel +64 9 300 3865 |

**This document notifies you that -**

The originating application made by the Applicants on 8 March 2011 was determined by Associate Judge Abbott on 14 March 2011.

1        The determination was made following a hearing on the papers on 14 March 2011. Mr N Beadle and Mr O Collette-Moxon were counsel on behalf of the Applicants, Jin Bang Lee and Byung Nam Choi, and on behalf of the Respondent, Korea Line Corporation.

2        The following orders were made:

   2.1        The application may in all the circumstances proceed without service on the Respondent or a New Zealand agent or representative of the Respondent.

   2.2        The proceeding in the Seoul Central District Court, Fourth Bankruptcy Division, Case 2011 Hoe-Hap 14 Rehabilitation (**Korean Proceeding**), is recognised as a foreign proceeding.

   2.3        The Korean Proceeding is recognised as a foreign main proceeding such that:

      2.3.1        commencement or continuation of individual actions or individual proceedings concerning the Respondent's assets, rights, obligations, or liabilities is stayed;

      2.3.2        execution against the Respondent's assets is stayed;

      the right to transfer, encumber, or otherwise dispose of any assets of the Respondent is suspended;

subject to the Applicants' right to conduct all of the Respondent's business and manage all of its property under the supervision of the Seoul Central District Court.

2.4     Leave is reserved to any creditors to set aside or vary or modify or terminate this Order, provided that such application is made within three working days of the date of this sealed Order being served on the creditor.

2.5     The orders made in the application are timed at NZT 5.00pm on 14 March 2011.

Date:     14 March 2011

R KUMAR
DEPUTY REGISTRAR
(Registrar/Deputy Registrar)
2011

# EXHIBIT F

| | |
|---|---|
| Case No. | : OS193/2011/S |
| Document No. | : ORC1332/2011 / D |
| Date Of Filing | : 23/03/2011 |
| Time Of Filing | : 18:40:25 |
| Doc Control No. | : 2719062/A |
| Date Of Order | : 22/03/2011 |
| Made By | : LEE SEIU KIN |



Mr. Foo Chee Hock
Registrar
Supreme Court
Singapore

## IN THE HIGH COURT OF THE REPUBLIC OF SINGAPORE

OS193/2011/S

In the Matter of Part VII, Section 210 of the Companies Act (Cap. 50, 2006 Rev. Ed.)

And

In the Matter of KOREA LINE CORPORATION (Korean Company (Registration No. 110111-0008212)

...Applicant

## ORDER MADE IN CHAMBERS

MANOJ SANDRASEGARA
SMITHA RAJAN MENON
JEREMY LEONG of
WONGPARTNERSHIP LLP
63 Market Street #02-01
Singapore 048942
TEL:64168000
FAX:65325722
(Not For Service of Court Document)
Ref: MSD/SRM/JL/ALZ/DC/20110658

Filed this 23rd day of March 2011

## IN THE HIGH COURT OF THE REPUBLIC OF SINGAPORE

Originating Summons No. 193 of 2011/S

> In the Matter of Part VII, Section 210 of the Companies Act
> (Cap. 50, 2006 Rev. Ed.)
>
> And
>
> In the matter of **KOREA LINE CORPORATION**
> (Korean Company Registration No. 110111-0008212)

### ORDER OF COURT

**BEFORE THE HONOURABLE**                                     **IN CHAMBERS**
**JUSTICE LEE SEIU KIN**

  **UPON THE APPLICATION** made by way of Ex-Parte Originating Summons No. 193 of 2011/S coming on for hearing this day **AND UPON READING** the 1st Affidavit of Jin Bang Lee filed on 9 March 2011, the 1st Affidavit of Seung Ho Choi filed on 9 March 2011 and the exhibits therein referred to **AND UPON HEARING** Counsel for the Applicant, **IT IS ORDERED** that:-

1.   The Company be at liberty to convene a meeting (the "Meeting") of its creditors, for the purpose of considering, and if thought fit, approving, with or without modification, the rehabilitation plan to be proposed on or before 31 September 2011 in Seoul, Korea between the Company and its creditors (the "Scheme of Arrangement");

2.   Pending the approval by the Court of the said Scheme of Arrangement each creditor of the Company be restrained from commencing or continuing in Singapore:

a.    any action and/or proceedings against the Company in respect of any claims against the Company; and/or

b.    any action to enforce or execute in any action and/or proceedings in respect of any claims against the Company against any assets (including vessels) owned by the Company and/or its subsidiaries and/or any vessels demise chartered by the Company and/or its subsidiaries.

except in each case with the consent of the Company or by leave of the Court and in the latter case in accordance with such terms as the Court may impose, pursuant to Section 210(10) of the Companies Act (Cap. 50);

3.    For the avoidance of doubt, Order 2(b) does not affect the rights of any mortgagee of the Company's subsidiaries over the vessels of the Company's subsidiaries; and

4.    There be liberty to apply.

Dated this 22nd day of March, 2011.

**REGISTRAR**

# EXHIBIT G

CASE NO. 3492/2011

IN THE KWAZULU-NATAL HIGH COURT, DURBAN

REPUBLIC OF SOUTH AFRICA

BEFORE THE HONOURABLE MADAM JUSTICE STEYN

AT DURBAN ON 1ST APRIL 2011

In the ex parte application of:

| | | |
|---|---|---|
| JIN BANG LEE N.O.<br>(In his capacity as duly appointed joint receiver in the<br>Estate of Korea Line Corporation, Republic of Korea) | 1ST | APPLICANT |
| BYOUNG NAM CHOI N.O.<br>(In his capacity as duly appointed joint receiver in the<br>Estate of Korea Line Corporation, Republic of Korea) | 2ND | APPLICANT |

In re: Korea Line Corporation (in Rehabilitation)

UPON the Motion of Counsel for the Applicant and upon reading the *NOTICE OF MOTION* and the other documents filed of record

## IT IS ORDERED THAT:

A.  This order is subject to the original affidavits which appear at page 207 to 334 of the Record being placed in the court file and the Judge in Chambers confirm such fact on the court file.

B1.  The Applicants are recognized as the duly appointed receivers (in terms of the laws of the Republic of Korea) in the estate of Korea Line Corporation of 145-9 Korea Line Corporation Building, Samsung-Dong, Kangnam-ku, Seoul, Republic of Korea ("the debtor").

2.  Pending the discharge of the rehabilitation proceedings commenced by order of the Seoul Central District Court, Bankruptcy Court (Fourth Division) dated 15 February 2011.

2.1  the Applicants are vested with control and custody over all the right title and interest of the debtor in and to all moveable assets including incorporeal assets.

2.2  all property, and claims on behalf of and against the debtor are to be dealt with subject to the provisions of the Korean Debtor Rehabilitation and Bankruptcy Act, Part II, Act number 7428 of 2005, as amended .

2.3  No party with a claim which came into existence before 15 February 2011 shall institute such claim or proceedings against the debtor, or against the

J-C

assets of the debtor, other than in terms of Part II of the Korean Debtor Rehabilitation and Bankruptcy Act, number 7428 of 2005, as amended.

3.     The Applicants are authorized to institute or defend any legal proceedings in respect of the debtor and/or its assets, property or rights.

4.     Service of this order is to be effected within 15 court days of the order:

4.1     by one publication in each of the Natal Mercury and the Business Day newspapers; and

4.2     by registered post to all known creditors of the debtor within the Republic of South Africa.

5.     Leave is granted to any interested party to apply for the setting aside of this order upon 48 hours'; notice to the Applicants' attorneys of record.

BY ORDER OF THE COURT

B.C. LUVELA
ACT. ASST REGISTRAR

GRIFFIER VAN DIE HOOGGEREGSHOF VAN S.A.
PRIVAATSAK/PRIVATE BAG X54314

2011 -04- 0 4

DURBAN 4000
REGISTRAR OF THE HIGH COURT OF S.A.

GARLICKE & BOUSFIELD INC.
/jd