UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
: 
In re: :
: Chapter 15
KOREA LINE CORPORATION, :
: Case No. 11-10789 (REG)
Debtor in a :
Foreign Proceeding. :
:
:
-------------------------------------------------------x

## DECLARATION OF TAE SOO JUNG IN SUPPORT OF TURNOVER MOTION

I, Tae Soo Jung, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury under the laws of the United States, as follows:

1. I am an attorney licensed, and in good standing, to practice in Korea, I am a member of Lee & Ko, a law firm in Korea. I was admitted to the New York State Bar in 2005, and have been practicing law in Korea for fifteen years (15) years. The focus of my practice is bankruptcy and corporate restructuring. I was educated in Korean law at Korea University. I graduated in 1992 with a bachelor's degree in law and received an LL.M from the law school of Washington University in Saint Louis in 2002. I have extensive experience with bankruptcy and corporate restructuring cases in Korea.

2. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge or learned from my review of relevant documents, or upon my opinion based upon my experience and knowledge. To the extent matters stated in this Declaration are

statements of legal opinion, such statements represent my view of the law of Korea as a practicing Korean attorney.

3. I respectfully submit this declaration in support of the Receivers' motion for an order pursuant to 11 U.S.C. §§ 1507, 1521(a)(5) and 1521(b) of the Bankruptcy Code vacating an Attachment of Korea Line property and directing that $706,000.00 of Korea Line's funds being held by the District Court for the Central District of California ("**California Court**") be released and turned over to the Receivers for administration in the Korean Proceeding under the supervision of the Korean Court.

4. Korea Line applied for rehabilitation in Korea under the DRBA on January 25, 2011 (the "**Rehabilitation Application**"). The Korean Court received the Rehabilitation Application and issued a stay order prohibiting the attachment and execution of Korea Line's property on January 26, 2011 (the "**Stay Order**"). Also on January 26, 2011, the Korean Court issued an asset preservation order prohibiting the debtor from, *inter alia*, transferring Korea Line property and leasing assets (the "**Preservation Order**").

5. On February 15, 2011, the Korean Court issued a commencement order commencing the rehabilitation proceeding with respect to Korea Line (the "**Commencement Order**"). Upon commencement of the rehabilitation proceeding, new attachments by creditors over the properties of a debtor company are prohibited[1].

6. Under the terms of the Stay Order and Preservation Order, all of Korea Line's creditors are prohibited from attaching or executing upon Korea Line's assets. Under Korean law,

---

[1] Supreme Court of Korea has ruled that upon rendering of a commencement order for rehabilitation, enforcement, provisional attachment or attachment in respect of rehabilitation claims or secured rehabilitation claims may not be instituted against a debtor's assets (Case No.: Supreme Court of Korea, April 23, 2004, 2003 da 6789).

any attachment or execution of Korea Line assets made after the issuance of the Stay Order and Preservation Order constitutes a violation of those orders, is void, and would be vacated[2].

7. The key principle underlying the Debtor Rehabilitation and Bankruptcy Act("DRBA") is *in pari passu* - that like creditors should be treated alike[3]. No creditor should be permitted to gain an unfair advantage by attaching or executing upon property in the United States. Under Korean rehabilitation procedures, creditors may only obtain satisfaction of claims pursuant to a rehabilitation plan, and creditors may not obtain satisfaction in any other matter. Even upon satisfaction, if satisfaction of a particular creditor's claim (including through court enforcement proceedings) unreasonably favors such creditor in relation to other creditors, the debtor's receiver may exercise the right of repudiation and request that the creditor's return of the relevant proceeds (Articles 100 and 131 of DRBA). Therefore, under Korean rehabilitation proceedings, a certain creditor may not obtain benefits unreasonably through enforcement against a debtor's assets.

8. The DRBA and its provisions are similar in many respects to the United States Bankruptcy Code.

9. Korean Courts are routinely involved in cases where foreign individuals or entities appear as litigants.

10. The Korean Courts are open to all and all litigants are treated justly and fairly regardless of their nationality. I believe that the Korean Court system is sophisticated, fair and equitable.

---

[2] In the event a stay order is rendered under the Debtor Rehabilitation and Bankruptcy Act, creditors are prohibited from attaching or enforcement against the assets of a debtor, and under Article 58(1) of the same Act if a commencement order for rehabilitation is rendered in respect of a debtor, the creditors may not proceed with enforcement against the assets of the debtor.
[3] Under Article 243 of DRBA, one of the criteria for court approval of rehabilitation plan is "that the rehabilitation plan be fair and equitable"; under Article 218 of DRBA, "in determining the terms of the rehabilitation plan, like creditors shall be treated in like terms." As such, the DRBA provides in principle that a class of creditors be treated in like terms.

11. As discussed above, Korean rehabilitation proceedings require that all creditors obtain satisfaction through the rehabilitation plan. In determining the terms under the rehabilitation plan, the principle of like creditors being treated in like terms is to be applied for the fair and equitable treatment of all creditors, and if the rehabilitation plan fails to adhere to this principle, the court may not render an order approving the rehabilitation plan. For reference, creditors under Korean rehabilitation proceedings are generally divided between secured rehabilitation creditors and rehabilitation creditors, and the rehabilitation plan should provide for more favorable terms in respect to the secured rehabilitation creditors as opposed to terms applicable to rehabilitation creditors. Upon rendering of commencement order, the receiver will prepare the rehabilitation plan which provides for the terms of satisfaction in respect of creditors' claims and thereafter convene a creditors' meeting which puts the rehabilitation plan to a creditors' vote. Among secured rehabilitation creditors, 3/4 or more of the secured rehabilitation creditors must vote affirmatively in favor of the rehabilitation plan, whilst 2/3 or more of rehabilitation creditors must vote affirmatively. If the threshold for affirmative votes is met and the court determines that the rehabilitation plan satisfies the principles of equity and fairness, with other relevant approval conditions being satisfied, the court renders approval in respect of the rehabilitation plan which makes effective the amended terms for satisfaction of claims.

Dated: May 25, 2011.

_[signature]_
Tae Soo Jung